# WASHINGTON COUNTY,

.[Continued from *ante*, page 484.]

---

### Lorenzo P. Clifford *v.* Nathaniel Richardson.

If the reference of a cause is general, it will be no valid objection to the report, that the referee acted upon a view of the subject not strictly within the scope of the declaration, provided the declaration might legally have been so amended, as to embrace the subject in that view.

Under a declaration, in which it is averred that the defendant, professing to be a mill wright, agreed to put all necessary machinery into the plaintiff's mill, in a good workmanlike manner, and that he put it in so unskilfully, that the same was of little or no value to the plaintiff, whereby the plaintiff had lost the benefit and profit of his mill for a long space of time and had been put to great expense in repairing and altering the mill, the plaintiff is entitled to recover, as damages, the amount paid by him for repairing and altering the machinery, and such additional sum, as the mill would have been worth to him, if the defendant had fulfilled his contract, more than it was in fact worth to him, from the time the defendant claimed he had completed his contract until the necessary alterations were made by the plaintiff, provided they were made within a reasonable time.

If no time was expressly limited by the agreement in such case, within which the work was to be completed by the defendant, it should be taken, that the parties intended a reasonable time, in reference to the nature and extent of the work to be done by the defendant and to the plaintiff's progress in completing the other parts of the mill. And if the defendant have abandoned the work, claiming that he has completed his contract, he will be precluded from insisting, that a reasonable time, within which to complete the work, had not elapsed.

In such case the *opinion* of competent witnesses may be received, as to the amount of work which would have been performed by the mill during the time while the plaintiff lost the benefit of it, as a basis for estimating the damages, which the plaintiff is entitled to recover.

If, in such case, after the defendant has left the work and claimed that the contract is completed, the plaintiff cause such alterations to be made in the machinery, as are necessary, he may recover the expense in an action on the

Clifford *v.* Richardson.

case against the defendant; and he will not be precluded from his right of recovery by the fact, that the defendant offered to make the alterations himself, and the plaintiff refused to allow him to do so. The alterations were not necessary, in order to render the cause of action perfect; but they serve merely to ascertain a portion of the damages, which must, otherwise, have been settled by estimation.

And it makes no difference, that the parties referred the matter to arbitrators, who awarded that the plaintiff should make the alterations ; for if the award were legal, the expense of the alterations would be the measure of damages, upon the declaration stating the facts ; and if the award were void, the plaintiff might sustain his general action on the case.

TRESPASS ON THE CASE. The plaintiff alleged in his declaration, that the defendant, December 1, 1839, professed to be a mill wright, and, as such, agreed to construct and put into the plaintiff's saw mill all necessary gearing and machinery, in a good workmanlike manner ; but that the defendant put the machinery into the mill in so unskilful a manner, that the same was of little or no value to the plaintiff, whereby for a long space of time, to wit, one year, the plaintiff lost the use and profit of the mill, and was put to great expense in repairing and altering the machinery. The second count was substantially the same with the first, with the additional allegation, that, on the 10th day of March, 1841, the parties submitted to arbitrators the question, whether the machinery was perfectly constructed and put into the mill, and that the arbitrators decided, that it was not constructed in a workmanlike manner, and awarded, that the plaintiff should procure certain alterations to be made therein, for which the defendant should pay the plaintiff; and the plaintiff averred, that he had caused the alterations to be made, and that the defendant refused to pay therefor. The cause was referred, under a rule of the county court, and the referee reported the facts substantially as follows.

The plaintiff proved, that the defendant, who was a mill-wright, for the consideration of one hundred dollars, paid to him by the plaintiff, agreed to construct and put into the plaintiff's saw mill, in Northfield, certain wheels and gearing in a workmanlike manner. This agreement was made in the spring of 1840 ; and in the course of the summer of that year the defendant performed the contract, as he insisted ; but the plaintiff contended, at the time, that the work

was not done according to the contract. The parties finally, in January, 1841, submitted to arbitrators to decide, whether the work was done in a workmanlike manner and what alterations should be made therein. The arbitrators, after examining the work, decided, that it was not done in a workmanlike manner and that certain alterations should be made, which were designated, and that the plaintiff should procure whom he pleased to make the alterations, and, if the mill did not run better, after they were made, the plaintiff should pay for them, but if it did run better, that the defendant should pay the expense to the plaintiff. This decision was made known to the parties, and the defendant then offered to make the alterations at his own expense ; but the plaintiff refused to permit him to do so, and employed another person to make them, and paid therefor twenty three dollars,—and the alterations so made improved the running of the mill. The referee also found the fact, that the work was not done in a workmanlike manner, and that it cost the plaintiff twenty three dollars to make the work as it should have been made originally. The defendant completed his work upon the mill in September, 1840, and the mill was set to running in October of the same year, and the alterations were made in March, or April, 1841 ; and after the alterations were made the mill would saw about twice as much, in the same time, as it would before. It appeared, that there were logs at the mill through the autumn of 1840 and the winter and spring of 1841, which were not sawed, and that the mill run some portion of all that time, and generally when they had sufficient water. The plaintiff proved, by the *opinion* of one witness, that, if the defendant had performed his contract, so as to have avoided the necessity of making the alterations, the mill would have sawed twenty thousand feet of lumber, more than was sawed, between October 1840 and April 1841, and while the mill was used, without any additional expense to the plaintiff for taking charge of it; and on this testimony the referee found the fact, that, during that time, the mill would have earned the plaintiff, if the machinery had been constructed in a workmanlike manner by the defendant, twenty dollars more than it in fact earned. There was no evidence, showing what amount of lumber was sawed by the mill during the time above mentioned.

Clifford *v.* Richardson.

The referee also reported, that the parties presented mutual off-sets before him, on which there was due to the defendant three dollars and seventy six cents.

The county court,—Hebard, J., presiding,—overruled the exceptions, filed by the defendant to the report, and rendered judgment for the plaintiff for $39,24. Exceptions by defendant.

*H. Carpenter* for defendant.

1. The defendant insists, that, under the first count in the declaration, the plaintiff cannot recover for *loss of service* of his mill. The rule of damages should be, the amount which it would cost the plaintiff to make the necessary alterations in the machinery, to render it as good as the defendant agreed to make it, by his contract,—as it is not alleged, *when* the contract was to have been completed, and the referee has not found the fact, that there was any such time limited. *Thornton* v. *Place*, 1 M. & Rob. 218. Chit. on Cont. 170, 342. *Hayward* v. *Leonard*, 7 Pick. ¯181. 2 Taunt. 257. *Dyer* v. *Jones*, 8 Vt. 205. *Thompson* v. *Shattuck*, 8 Met. 615.

2. The plaintiff is not entitled to damages for loss of service of his mill, when he has neglected to make the repairs for such an unreasonable length of time. If there had been a time fixed for the completion of the contract, and the plaintiff could show *special* damage in consequence of the defendant's neglect, there might be a case where he would be entitled to recover; but *general* damages should not be allowed, in a case of this kind, as being too remote and uncertain. 2 E. C. L. 485. *McArthur* v. *Seaforth*, 2 Taunt. 257.

3. The *opinion* of a witness is not admissible, to prove how much more the plaintiff's mill might have earned in a limited time, if it had been constructed in a workmanlike manner. There are certain cases, in which professional men are allowed to give an *opinion* upon a given state of facts and in matters of skill,—but not in cases of this kind. 2 Stark. Ev. 648. *Durell* v. *Bederly*, Holt 283. *Carter* v. *Boehm*, 3 Burr. 1905. *Jameson* v. *Drinkald*, 12 Moore 148, [22 E. C. L. 442.]

4. The second count in the declaration is for the recovery of the *expense* of making the alterations in the machinery, and proceeds upon the ground, that the defendant is liable to pay therefor, in consequence of the submission to arbitrators and the award. The

allegation is, that the parties submitted to arbitrators, "whether the machinery was perfectly constructed and put into the mill." The referee finds, that the parties submitted the question, " whether the work was done in a workmanlike manner *and what alterations should be made therein.*" 1. There being such a variance between the *facts found* by the referee and the declaration, the plaintiff cannot recover. Bul. N. P. 129, 136, 145, 147. 1 Chit. Pl. 336–348, 417. 12 Vt. 79. *Clark* v. *Todd*, 1 D. Ch. 213. 3 Day 312. 2. The arbitrators exceeded their authority, in deciding, that the plaintiff should procure whom he pleased to make the alterations, and if the mill did not run better, after they were made, the plaintiff should pay for them, but, if it did run better, that the defendant should pay the expense to the plaintiff,—and this rendered their whole proceedings void. *Bouner* v. *Liddell*, 1 B. & B. 80, [5 E. C. L. 20.] 2 Stark. Ev. 86. 10 E. C. L. 20. *Buck* v. *Buck*, 2 Vt. 417. 1 Sw. Dig. 468. 13 Johns. 264.

5. It is not alleged, nor has the referee found, *when* the machinery was to be completed. The arbitrators having decided, that certain alterations should be made, the offer of the defendant to make them and the refusal of the plaintiff to permit him to make them discharge the defendant from his liability, either to make the alterations, or to pay the expense of making them,—the plaintiff having put it out of the power of the defendant to complete his contract. *Sutton et al.* v. *Tyrrell*, 12 Vt. 79. 8 Vt. 205.

*J. L. Buck* for plaintiff.

1. The object of the arbitration was, to ascertain whether the work was done agreeably to the contract, and if not, what should be done. The defendant insisted, that the work was done agreably to the contract, and that no alterations were necessary. The arbitrators made an equitable award, that is, if the alterations did not improve the mill, they should be made at the plaintiff's expense, but if they did improve it, the defendant should pay the expense. The fact, that the defendant offered to make the alterations, does not alter the legal effect of the award. The referee finds the fact, that, after the alterations were made, the mill performed much better than before, and that in making the alterations, the plaintiff expended twenty three dollars. The referee having found these facts, we in-

Clifford *v.* Richardson.

sist they cannot be revised by this court. *Stevens* v. *Pearson*, 5 Vt. 503. *Green* v. *Danby*, 12 Vt. 338.

2. The *opinion* of the witness was admissible, to prove the amount of damages sustained in consequence of the improper manner, in which the machinery was constructed. Damages of this character can be ascertained in no other manner.

The opinion of the court was delivered by

ROYCE, J. After a cause has been referred by rule of court and a trial had before the referee, it is too late, upon the coming in of his report, to question the legal sufficiency of the declaration. *Jewell* v. *Catlin*, Brayt. 215. At that stage of the case the court is only to be satisfied, that the referee has confined himself to the cause of action, on which the declaration is founded. It is considered, that the entire cause of action, upon its merits, is referred, and not any mere issue made by the pleadings, unless the terms of reference are so limited. And hence, if the reference of the cause is general, it will be no valid objection to the report, that the referee acted upon a view of the subject not strictly within the scope of the declaration, provided the declaration might legally have been so amended, as to embrace the subject in that view. Thus in *Eddy* v. *Sprague*, 10 Vt. 216, the declaration counted in assumpsit upon the warranty of a horse, and the referees reported in favor of the plaintiff, on the ground of false and fraudulent representations, made at the time of sale. It was considered, that the declaration might have been amended by adding the *scienter*, so as to have enabled the plaintiff to recover on proof of the fraud, according to what was said in *Shepherd* v. *Worthing*, 1 Aik. 193. The report was accordingly accepted and judgment rendered for the plaintiff, though the evidence to prove the fraud had been objected to by the defendant and the referees had received it subject to the opinion of the court.

That decision furnishes authority much beyond what the present case requires; for we consider, that, under the first count of this declaration, without amendment, the matters shown as grounds of recovery would have been admissible in evidence upon a trial in court. The loss of the use of the mill, whether wholly, or partially, as also the expense of altering and repairing it, are within the direct allegations of damage and injury contained in that count; and nei-

79

ther can properly be regarded as a remote or collateral damage, for which there is no remedy. They were consequences, which the parties must have anticipated, if the defendant failed to fulfil his contract. It is urged, however, that no recovery should be had for the former, because it does not appear, that any definite time was fixed by the contract for the defendant's work to be completed; nor for the latter, because the plaintiff refused to permit the defendant to make the requisite alterations and repairs.

But if no time was expressly limited by agreement, it should be taken, that the parties intended a reasonable time, in reference to the nature and extent of the work to be done by the defendant and to the plaintiff's progress in completing the other parts of the mill. Now it appears, that the defendant made his contract in the spring of 1840, and that he left the mill in September after claiming to have fully performed his undertaking, and that in October the mill was put in operation. The referee must have considered, (for the report implies such a finding,) that a reasonable time for doing the work had then elapsed; and, indeed, the defendant has precluded himself from contending to the contrary. From that time, therefore, until the necessary alterations could be made, the plaintiff had a right to insist upon that measure of benefit from the mill, which a proper execution of the defendant's contract would have afforded him. And taking into view the season of the year, the time required for a satisfactory test of the work, as the defendant left it, and the period probably consumed about the arbitration, there does not seem to have been an unreasonable delay, on the plaintiff's part, in making the alterations. And, moreover, the referee has not found the delay to have been unreasonable.

But the defendant still contends, if damages were recoverable on this ground, that they were found without legal and admissible evidence,—the referee having acted upon evidence of opinion merely. The general rule certainly is, that witnesses are to testify to facts, and not to give their individual opinions. This rule, however, has its exceptions, some of which are as familiar and as well settled as the rule itself. When all the pertinent facts can be sufficiently detailed and described, and when the triers are supposed to be able to form correct conclusions without the aid of opinion, or judgment from others, no exception to the rule is allowed. But cases occur, where

the affirmative of these propositions cannot be assumed. The facts are sometimes incapable of being presented with their proper force and significancy to any but the observer himself,—as in cases involving the question of sanity; to which may be added that of a settled affection, or dislike, towards a particular person. *McKee* v. *Nelson*, 4 Cow. 355. And it often happens, that the triers are not qualified, from experience in the ordinary affairs of life, duly to appreciate all the material facts, when proved. Under these circumstances the opinions of witnesses must, of necessity, be received.

It is true, that, except in cases involving an estimate of the value of property, or of its use, the instances of admitting such evidence, on the latter ground here stated, are said to be limited to matters of professional science, art, or skill. But this restriction has not usually been applied in a rigid and narrow sense. " In general, wherever the inference is one of skill and judgment, the opinion of experienced persons is admissible; for by such means, only, can the jury be enabled to form a correct conclusion." 1 Stark. Ev. 153. And it was laid down by PHELPS, J., in *Lester* v. *Pittsford*, 7 Vt. 161, that—" The testimony of opinion may be given, where, from the general and indefinite nature of the enquiry, it is not susceptible of direct proof." We have no doubt, that, upon these grounds, the evidence was properly received.

There can be no objection to the plaintiff's right to recover for making the alterations in the mill, unless the defendant was, at that time, entitled to treat the contract as being still executory on his part. But it is clear, that such an inference is not fairly deducible from the report. He had long before pronounced it an *executed* contract, and it proved to have been executed imperfectly,—in other words, violated. It is not unusual, to be sure, for artizans to stipulate, that if their work proves to be defective upon trial, they shall have the opportunity to make the necessary improvements. But no such stipulation appears to have formed a part of the contract in this instance, and we are not at liberty to engraft it upon the contract, as a matter of general law. And since the contract had ceased to be executory in the ordinary and proper sense, when the defendant's offer to make the alterations was refused, there is an obvious and wide difference between this and that of *Sutton et al.* v. *Tyrrell*, 12 Vt. cited for the defendant. There the contract was in the regular

course of execution, when one of the plaintiffs (possessing, for that purpose, the legal power of both) interdicted and discharged its farther execution. The present case has a nearer resemblance, upon this point, to that of *Lantry* v. *Parks*, 8 Cowen 63, where the plaintiff, having abandoned his contract of service without cause, afterwards offered to resume the performance of it, and the offer was refused by his employer. It was held, that the refusal was justifiable, and that the plaintiff must abide the consequences of his previous violation of the contract. The conclusion is, that the defendant's offer had no effect to abridge or change the rights of the plaintiff,— that the alterations were not even necessary, in order to render the cause of action perfect,—and that they have merely served to ascertain a portion of the damages, which must otherwise have been settled by estimation.

Nothing is required to be said in reference to the award of arbitrators, on which the second count of the declaration was founded. For if the award was valid, the report of the referee is sustained by it; and if invalid, the plaintiff was left at liberty to assert his claims under the first count.

Judgment of county court affirmed.