WARD v. CHARLESTON CITY RAILWAY COMPANY.

1. Plaintiff having announced that she had no challenges to make, and the defendant then having challenged two jurors, the plaintiff could not afterwards demand a right of challenge; therefore, the denial of such right by the Circuit judge was not error of law.
2. Witnesses who saw a lady thrown down by a street car after she had alighted, can state in evidence their opinion as to whether she had time to get clear of the car before it moved off.

Before HUDSON, J., Charleston, November, 1881.

This was an action by Harriet Ward against the Charleston City Railway Company, a street horse car corporation, commenced July 27th, 1881. The complainant alleged serious injury to herself caused by the carelessness, negligence, &c., of the driver of the car in not giving her proper time to free herself and get out of the way of the car, and she demanded judgment for $10,000, her damages. The opinion sufficiently states the facts and points involved in the impaneling of the jury, and the evidence of the witnesses.

In dismissing the motion for a new trial, the Circuit judge, in addition to what is quoted in the opinion here, said:

But even under the plaintiff's counsel's understanding of the facts, I do not see that an error was committed. * * * Could the plaintiff at this juncture then have challenged peremptorily any one of the nine of the original panel after they had been solemnly accepted? We think not, and base this opinion upon the language of the present jury law, and the aforesaid interpretations of an exactly similar law of 1841. It is too well established in practice to bear questioning, that when a party has accepted a juror and he is sworn in the cause, it is too late then to object to him peremptorily. The plaintiff so accepted eleven of this jury, and the defendant and plaintiff united in accepting nine of the twelve.

Besides, it would be perhaps in many cases greatly prejudicial to the rights and interest of a defendant, were a plaintiff allowed to accept a certain number of jurors, and, after the defendant

rejects his quota, and the panel is filled anew, then to allow the plaintiff to step forward and exercise the right to challenge peremptorily any of those to whom he declared he had no objection. If such a course were allowed to either party, the other might be trifled with. It is possible that were such a rule to prevail, a wary litigant might purposely avoid challenging in the first instance experimentally, in order to take advantage of his opponent's challenges, and the drawing of the supernumeraries. In fact, it is very probable that each side would struggle to gain this vantage ground.

So that, not even from the view of the facts of the case as set forth by plaintiff, do we think she lost any right under the action and ruling of the court. Had the plaintiff, after the defendant had challenged, but before the drawing of supernumeraries had begun, asked the court to allow her to reconsider the matter, and challenge peremptorily, the court would have granted the indulgence, notwithstanding that she had in the first instance deliberately accepted eleven; but after the filling up of the jury it was too late to recommence the peremptory challenge of jurors.

As to the plaintiff's second ground, I cannot see the force of it. The defendant's counsel asked a witness on the stand, who saw the accident to the plaintiff, whether, in his opinion, she had time after alighting from the car to get clear of it before it moved on. This was objected to by plaintiff's counsel. I directed the question to be put thus, viz., whether, as a matter of fact, she did have time to get clear of the car. This was objected to by plaintiff's counsel. The witness answered in the affirmative. I regard the question as tending not to extract a mere opinion, but a fact, to wit: the witness' estimate of the length of time which an occurrence under his observation consumed.

*Messrs. Campbell & Whaley,* for appellant.

*Messrs. Buist & Buist,* contra.

July 7th, 1883. The opinion of the court was delivered by

Mr. Chief Justice Simpson. The appellant, Harriet Ward, brought action against the defendant, respondent, to recover damages for injuries alleged to have been caused by the negli-

gence of defendant's agents and servants. The accident occurred while appellant was leaving the car of defendant, and is alleged to have taken place because she was not allowed sufficient time to free herself from the car.

When the case was called for trial, the plaintiff, being first called upon by the court to know if she had any objection to the jury, replied that she had none, except that if there was any stockholder of the company on the jury he should retire, whereupon one person retired. The plaintiff interposed no other objection. The defendant then peremptorily challenged two jurors. At this juncture, and while the clerk was preparing to fill the panel from the supernumeraries, the plaintiff claimed her right to challenge. The court understood this to be an intimation on the part of the plaintiff, that she would claim the right to challenge the jurors thus drawn to fill the panel, which he ruled could not be done. The understanding, however, of the plaintiff, as afterwards stated by her counsel, was, not that she should have the right to challenge the jurors drawn to fill the places vacated on account of defendant's challenge, but that her right to challenge generally revived after the defendant's challenge.

No objection was made to the charge of the judge, but during the progress of the trial several witnesses who were present and saw what occurred were asked by defendant's counsel, as follows, to wit: To John McPherson, " Whether the lady was or was not far enough from the car to allow it to go on without throwing her down?" To W. E. Vincent, " Was she a sufficient distance from the car to avoid the accident?" And to Philip Fogarty, " You think she was given plenty of time to get off and move away except for the drays?" These questions were objected to as calling for the opinion of the witnesses. The presiding judge directed the question to be put in this form, " Whether as matter of fact she had time to get clear of the car?" This was objected to.

The verdict was for the defendant. The counsel of plaintiff then moved the court for a new trial on the grounds: 1. " Because the plaintiff made no peremptory challenge, only requesting that if there be a stockholder he should retire; that a

juror did retire, whereupon the defendant made two peremptory challenges, and the plaintiff then claimed that her right to challenge reverted, and it was disallowed. 2. Because at the close of defendant's case, the defendant asked of a witness, whether in his opinion the plaintiff had sufficient time to clear herself of defendant's car, and the plaintiff objected to the question and the objection was overruled." There was also a third exception upon another ground (as to the financial condition of the company), but this seems to have been abandoned, and, therefore, not necessary to be noticed further. These grounds were overruled by the Circuit judge, and the appellant now appeals, renewing her motion for a new trial on substantially the same grounds relied on in the motion below.

As to the first ground, it is conceded by both parties that, under the facts as understood by the Circuit judge, his ruling was strictly in accordance with the law, as expounded in several cases from our own court, where the precise question was made and adjudged. See cases *Kleinback* ads. *State*, 2 *Spears* 418 ; *Huff* v. *Watkins*, 15 *S. C.* 83 ; *Gunter* v. *Graniteville Manufacturing Company*, 15 *S. C.* 448, and *Burckhalter* v. *Coward*, 16 *S. C.* 435.

The appellant insists, however, that there was a misunderstanding as stated above. Admit this and can it help the appellant ? The judge ruled that it could not. True, in *Kleinback* ads. *State*, Judge Butler, in delivering the opinion of the court, did say, that the act of 1841 did not in terms require either party to be the first actor in making the challenge. On this subject he further says : " Both parties are independent and either may make the challenge without regard to the position of the other. When the plaintiff forbears to make the move in the first instance, it should not be in the power of the defendant to compel him to do so, or otherwise lose it altogether, and if the defendant should think proper to exercise his right it will not then deprive the plaintiff in turn from claiming his. Either has the option to claim the privilege before the jury shall be charged in the case."

In the case now under consideration, however, the plaintiff did not simply forbear to exercise her right in the first instance,

holding it in reserve to be exercised afterwards, but the judge states that when called upon to speak, her counsel, after surveying the jury, answered that she had no challenge to make except as to stockholders, if any; after a stockholder had retired the counsel then stated that there was no further objection by the plaintiff to the remaining jurors. The defendant was then called upon to challenge if he desired to do so. This was something more than a mere forbearance on the part of the plaintiff; it was an announcement that she waived the privilege of exercising her right. There was no denial on the part of the court; on the contrary the right was tendered to her at the proper time, and having waived the exercise of it then, for the reasons given by the Circuit judge we think it was too late to demand it after the defendant had exercised his right.

There must be system and uniformity in the mode of conducting trials, and in this respect much must be left to the discretion of the presiding judge. It is the general practice, as we understand, in the matter of challenges in civil cases, that the right shall first be tendered to the plaintiff and then to the defendant, and if either declines when tendered and announces the fact that he does not intend to challenge, there is an end of it, unless under peculiar circumstances the judge might allow it revived as to either. In this case we do not think that there was any error of law on the part of the judge in refusing appellant's claim, and, therefore, we cannot disturb it.

The other question raised is as to the competency of certain questions propounded to the witnesses, which were objected to by appellant on the ground that they called for opinions merely, and not facts. It is a general rule of evidence that opinions of witnesses are not competent, but to this there are several exceptions; for instance, experts may give opinions, and even ordinary witnesses, after stating the facts upon which their opinions are founded, may also state their opinions resting· on the facts. *Seibles* v. *Blackwell,* 1 *McMull.* 56. And, then, there are many matters in reference to which opinion is the only testimony of which they are susceptible. See the recent case of *Jones* v. *Fuller, ante p.* 66, in which McIver, A. J., fully discusses such cases.

Time, distance, velocity, form, size, age, strength, heat, cold, &c., are subjects of this character. *Whart. Ev.*, § 612, *note, p.* 490. The ground upon which opinions are admitted in such cases, says Mr. Wharton, is that, from the nature of the subject, it cannot be stated in such language as will enable persons, not eye-witnesses, to form an accurate judgment in regard to it. In *Hackett* v. *Boston, Concord and Montreal R. R. Co.*, 35 *N. H.* 390, the court said : "That in most cases, when a witness is examined as to distances, dimensions, weight, or any quality of matter in question, he cannot testify except by the use of language which necessarily implies his opinion." See, also, the case of *Commonwealth* v. *Sturtivant*, 117 *Mass.* 133. Under the principle upon which these cases were decided, we think the question propounded here was competent, especially as the witnesses were present when the accident occurred, and were speaking from the facts as they occurred within their sight and under their immediate observation.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.