## EASLER v. SOUTHERN RAILWAY CO.

1. EVIDENCE—OPINION.—A PASSENGER, after giving facts and circumstances, may testify whether in his opinion a fellow-passenger had time to get off of a train while stopped at a station before moving.

2. IBID.—EXPERT.—Province of an expert is to draw inferences, but not to decide facts in a case. Rules governing admissibility of expert evidence stated.

3. CONTRIBUTORY NEGLIGENCE is the negligence of both parties contributing to the injury, the two combined and concurring together as a proximate cause of the injury. MR. JUSTICE GARY *holding that the charge substantially stated the law of contributory negligence.*

4. APPEAL—EXCEPTION—CHARGE.—Where a Judge undertakes to state the law applicable to a particular view of a case and does so erroneously, it is good ground for exception, although no request covering such view had been presented.

Before BENET, J., Lexington, February, 1900. Reversed.

Action for damages for personal injury to Nancy Easler, by herself and her husband, J. P. Easler, against Southern Railway Co. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant, cite: *As to first exception:* 19 S. C., 521; 32 S. C., 128; 25 S. C., 24; 57 S. C., 445. *As to second, third and fourth exceptions:* 15 S. C., 403; 44 S. C., 341; 13 N. Y., 657; 95 U. S., 297; 69 Mo., 305; 23 N. Y., 42; 34 S. C., 36. *As to exception five:* 56 S. C., 95; 58 S. C., 228, 495; 55 S. C., 192; 51 S. C., 237.

*Messrs. G. T. Graham* and *P. H. Nelson,* contra, cite: *As to first exception:* 51 S. W., 351; 51 N. E., 233; 77 N. W., 517; 41 A., 1007; 54 P., 833; 78 Ill. App., 526; 18 S. E., 934; 24 So., 892; 41 A., 28; 49 N. E., 843; 3 S. E., 862; 15 S. E., 371; 38 N. E., 549; 11 S. E., 297; 18 S. E., 934; 19 S. E., 301, 506; 3 S. E., 862; 23 S. E., 741; 35 S. E., 747; 1 S. E., 420; 46 N. E., 88. *As to second exception:* 11 S. E., 297; 15 S. E., 371; 18 S. E., 934; 51 P., 808; 69 Ill. App., 69; 18 S. E., 934. *Charge must be considered as a whole:* 22 S. C., 191; 23 S. C., 199; 29 S. E., 259; 33 S. E., 497; 20 S. E., 84, 750. *If more elaborate definition desired, counsel should submit requests:* 36 S. E., 590; 37 S. E., 229. *Charge is in keeping with decisions as to con. neg.:* 36 S. E., 592; 28 S. E., 198.

February 26, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages, alleged to have been sustained by the plaintiff, Mrs. Nancy Easler, in alighting from defendant's train of cars at Lexington, S. C.   The complaint alleges that the said Nancy Easler, on the 27th day of March, 1899, purchased a ticket from Columbia to Lexington, and on that day, with her baggage and two infant children of the ages respectively of one and four years, boarded the passenger train of the said defendant.   The fifth paragraph of the complaint contains the following allegations: "That upon reaching Lexington, S. C., a station along said railroad, the said train stopped, and the plaintiff, Nancy Easler, who was encumbered with her said infant children and baggage, immediately attempted to get off said train, and reached the platform of one of the cars of said train, and while descending the steps of said car, and before she could alight therefrom, the conductor of said train, being the agent and servant of the defendant, and acting within the scope of his authority as agent and servant, without rendering the plaintiff any assistance in getting off of said train, and in utter disregard of her rights, negligently, wantonly and wilfully caused said train of cars to move and jolt, jerk and throw the plaintiff, Nancy Easler, who was encumbered with her said infant children, down upon the ground with great force and violence, inflicting painful and serious wounds on her neck, side, left wrist and arm, thereby causing her great pain and suffering, and rendering her unfit for business."   That she was damaged in the sum of $1,950.

The defendant answered, denying each and every allegation of the complaint, and pleading the contributory negligence of the said plaintiff.   The jury rendered a verdict in favor of the plaintiff for $1,500.

The defendant appealed upon exceptions, the first of which is as follows: "1. Excepts because the presiding Judge erred in refusing to allow the witness for defendant,

Dr. O. J. Harris, to answer the following question: 'Q. From the number of passengers that were in there, had the passengers sufficient time to get off, if they had gotten up when the train stopped and made their way out?' Whereas, it is submitted that it was competent for the witness to express his opinion as to whether there was a sufficient time or not for passengers to leave the train, said witness having previously given the facts upon which such opinion would be based." The general rule in regard to opinion evidence is thus stated in 7 A. & Eng. Enc. of Law, p. 493 (1st edition): "Opinions are never received, if all the facts can be ascertained, and made intelligible to the jury, or if it is such as men in general are capable of comprehending and understanding. The ordinary affairs of life cannot be the subject of expert testimony." See, also, 12 Am. & Eng. Enc. of Law (2d edition), pages 488-9. In the case of *Graham* v. *Pennsylvania Co.,* 12 L. R. A. (Pa.), 293, the Court uses this language: "In several classes of questions, the lines between the witness' judgment or opinion and his affirmation of a fact are so indistinct, that it cannot be marked out in practice.. Such are questions of identity, of persons or things, of the lapse of time * * * &c. In all of these, however positively the witness may affirm facts, what he says is, after all, his opinion, but so blended with knowledge and recollection, that the line where opinion ends and fact begins cannot be distinguished. Hence both must be admitted or both excluded, and to do the latter is often to shut out the only light the case admits of." The Court proceeds to quote from the case of *Clifford* v. *Richardson,* 18 Vt., 620, as follows: "When all the pertinent facts can be sufficiently detailed and described, and when the triers are supposed to be able to form correct conclusions, without the aid of opinion or judgment from others, no exception to the rule is allowed." In the case of *Com.* v. *Sturtivant,* 117 Mass., 122, the Court says: "The exception * * * includes the evidence of common observers testifying to the results of their observations made at the time, in

regard to common appearances or facts and a condition of things which cannot be reproduced and made palpable to a jury." In commenting on this language the Court, in the case of *Graham* v. *Pennsylvania Co., supra,* says: "But as necessity is the ground of admissibility, the moment the necessity ceases, the exception to the general rule that requires of a witness facts and not opinions, ceases also. Hence, whenever the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men without special knowledge or training, opinions of witnesses, expert or other, are not admissible." In *New England Glass Co.* v. *Lowell,* 7 Cush., 321, Shaw, C. J., in behalf of the Court, says: "The principle upon which this evidence is admissible is clear and entirely just. In applying evidence which does not go directly to the fact in issue but to facts from which the fact in issue is to be inferred, the jury have two duties to perform: First. * * * to ascertain the truth of the fact to which the evidence goes, and thence to infer the truth of the fact in issue. This inference depends on experience * * * Now, when this experience is of such a nature that it may be presumed to be within the common experience of all men of common education, moving in the ordinary walks of life, there is no room for the evidence of opinion. It is for the jury to draw the inference." The case of the *State* v. *Summers,* 36 S. C., 479, shows that opinion evidence is based on necessity, and is not admissible, as a general rule, when the facts can be reproduced before the jury in such a way as to show the condition of things upon which the opinion of the witness was based. While the foregoing is a correct statement of the general principle as to opinion evidence, this Court, in accordance with the weight of authority, has recognized as one of the exceptions, testimony relating to the lapse of time. *Ward* v. *Ry. Co.,* 19 S. C., 521. In the case last mentioned, an action was brought for the recovery of damages alleged to have been sustained by injury to the plaintiff, caused by the negligence of the driver of defendant's car, in

not giving her time to free herself and get out of the way of the car. During the progress of the trial, several witnesses, who were present and saw what occurred, were asked by defendant's counsel as follows, to wit: to John McPherson, "Whether the lady was or was not far enough from the car to allow it to go on without throwing her down?" To W. E. Vincent, "Was she a sufficient distance from the car to avoid the accident?" and to Philip Fogarty, "You think she was given plenty of time to get off and move away except for the drays?" These questions were objected to as calling for the opinion of the witnesses. The presiding Judge directed the question to be put in this form: "Whether as matter of fact she had time to get clear of the car?" Mr. Chief Justice Simpson, as the organ of the Court, in the foregoing case, says: "The other question raised is as to the competency of certain questions propounded to the witnesses, which were objected to by appellants on the ground that they called for opinions merely and not facts. It is a general rule of evidence that opinions of witnesses are not competent, but to this there are several exceptions; for instance, experts may give opinions, and even ordinary witnesses, after stating the facts upon which their opinions are founded, may also state their opinions resting on the facts, *Seibles* v. *Blackwell,* I McMull., 56; and then there are many matters in reference to which opinion is the only testimony of which they are susceptible. See the recent case of *Jones* v. *Fuller, ante,* p. 66, in which McIver, A. J., fully discusses such cases. Time, distance, velocity, form, size, age, strength, heat, cold, &c., are subjects of this character. Whart. Ev., 612, note, p. 490. The ground upon which opinions are admitted in such cases, says Mr. Wharton, is that, from the nature of the subject, it cannot be stated in such language as will enable persons not eye witnesses to form an accurate judgment in regard to it." After citing other authorities, the Court concludes as follows: "Under the principle upon which these cases were decided, we think the question propounded here was competent, especially as the witnesses were present when the acci-

dent occurred, and were speaking from the facts as they occurred within their sight, and under their immediate observation." The first exception is sustained.

The second, third and fourth exceptions are as follows: "2. Excepts because the presiding Judge erred in refusing to allow Dr. J. J. Wingard, a witness called for the defendant, to answer the following question: 'Q. As a medical expert, having observed what I have just mentioned, what do you say as to whether that fall produced her condition as you saw it on the stand?' It is submitted that such a question was competent, the witness having heard the plaintiff, Mrs. Easler, testify, having observed her upon the stand, and having made a physical examination of her—thus having expressed and before him the facts upon which his opinion would be based, and the defendant was entitled to have his opinion thereon. 3. Excepts because the presiding Judge erred in refusing to allow Dr. J. J. Wingard, a witness called for the defendant, to answer the following questions: 'Q. Assuming the testimony of all to be true, what is your medical opinion as to whether this nervousness or shaking of the head was produced by the accident or not?' It is submitted that said question was in proper form, and in acordance with the practice obtaining in the Courts of this State, and that the defendant was entitled to have the opinion of the witness upon the assumed state of facts as to whether the injury testified to was occasioned by the accident, also described and testified to or not. 4. Excepts because the presiding Judge erred in refusing to allow Dr. J. J. Wingard, a witness called for the defendant, to answer the following question: 'Q. From what you saw of the lady and upon your examination, will you say or not as to whether or not the accident that she had caused the nervousness that she exhibited?' Whereas, it is submitted that the said doctor having seen the plaintiff, Mrs. Easler, and having made a physical examination of her, was, as a medical expert, competent to give his opinion as to whether the accident caused the ner-

vousness that she exhibited." The rule is thus stated in Greenleaf on Evidence, section 440, to wit: "On questions of science, skill or trade, or others of the like kind, persons of skill, sometimes called experts, may not only testify to facts, but are permitted to give their opinions in evidence. Then the opinions of medical men are constantly admitted as to the cause of disease, or of death, or the consequences of wounds * * * And such opinions are admissible in evidence though the witness found them not on his own personal observation but on the case itself, as proved by other witnesses on the trial. But where scientific men are called as witnesses, they cannot give their opinion as to the general merits of the cause, but only their opinions upon the facts proved. And if the facts are doubtful and remain to be found by the jury, it has been held improper to ask an expert, who had heard the evidence, what is his opinion upon the case on trial, though he may be asked his opinion upon a similar case hypothetically stated." Questions relative to the testimony of experts have frequently been presented to this Court for consideration. Among such cases may be mentioned: *State* v. *Clark,* 15 S. C., 403; *State* v. *Coleman,* 20 S. C., 441; *State* v. *Senn,* 32 S. C., 392; *State* v. *Green,* 40 S. C., 328. There are expressions in some of the cases that are in seeming conflict, but which can be harmonized when the facts in each particular case are kept in view. Without undertaking to review in detail the different cases in this State upon this subject, we will state the rules that have been followed: *First.* A witness is competent to give his opinion as an expert when the facts upon which it is based are within his own knowledge. *Second.* If the facts upon which his opinion is formed are in issue, his testimony is not admissible except upon an hypothetical state of facts. *Third.* If the mode in which an injury was inflicted, or the extent thereof, is itself one of the disputed facts in the case, the witness will not be allowed to testify that in his opinion the injury was inflicted in a certain manner or to a certain extent. In such a case he must testify as to a hypothetical

state of facts. The province of the expert is to draw inferences from, but not to decide the facts of, the case, and in order to draw proper inferences from the facts in the case, they must either be within his own knowledge or undisputed, otherwise he would usurp the powers of the jury. The question raised by said exceptions are obnoxious to one or more of the rules just stated, and the exceptions are overruled.

The fifth exception is as follows: "5th. Excepts because the presiding Judge erred in charging the jury with regard to contributory negligence as follows: 'I charge you as to that, that where the plaintiff can be shown to have been careless himself, and it can be shown to the satisfaction of the jury by the preponderance of the evidence that the injury was primarily due to plaintiff's own carelessness, then the law holding that he contributing to the injury afforded by his conduct, the direct proximate cause of it, the law holds that he cannot recover * * *' And in further charging as follows: 'That the plaintiff's negligence was (must be) the direct proximate cause of the injury, that but for the negligence of the plaintiff the injury would not have occurred; when that is the case, the jury must find for defendant. It is not sufficient for the defendant to show that the plaintiff may, to some extent, have been careless or negligent; the jury must be satisfied, before they can find for the defendant on such plea as that, that the plaintiff's negligence was the direct and proximate cause of the injury.' And in other portions of his charge he directed the attention of the jury specifically that the negligence of the plaintiff must be the direct proximate cause of the injury. The error consists in not giving a proper definition of contributory negligence—contributory negligence being the negligence of the plaintiff concurring with the negligence of the defendant in bringing about the injury complained of, and in impressing upon the jury that the plaintiff's negligence alone must be considered as the proximate cause, without pointing out to them, that if any negligence upon the part of the plaintiff in any way concerned, concurred and con-

tributed to the accident, the plaintiff could not claim a recovery." That portion of the presiding Judge's charge bearing upon the question is as follows: "The answer of the defendant railroad denies all the material allegations of the complaint, and it also sets up what is called an affirmative defense, charging not only that the injury was not due to the negligence of the railroad company, but was due and caused by the want of care on the part of the plaintiff, that it was due to his own neglect and default; in other words, they charge what is called contributory negligence. I charge you as to that, that where the plaintiff can be shown to have been careless himself, and it can be shown to the satisfaction of the jury by the preponderance of the evidence, that the injury was primarily due to the plaintiff's own carelessness, then the law, holding that he contributed to the injury, afforded by his own conduct the direct proximate cause of it, the law holds that he cannot recover, even though it might be proved that the defendant was to some extent careless; but before the jury can be justified in refusing to find for the plaintiff on the ground of contributory negligence, they must be satisfied by the preponderance of the evidence that the injury complained of was primarily due to that negligence, that the plaintiff's negligence was the direct, proximate cause of the injury, that but for the negligence of the plaintiff the accident, injury, would not have occurred; when that is the case, the jury must find for the defendant. It is not sufficient for the defendant to show that the plaintiff may, to some extent, have been careless or negligent; the jury must be satisfied before they can find for the defendant on such plea as that, that the plaintiff's negligence was the direct and proximate cause of the injury * * * In addition to the law as I have endeavored to give it to you, defendant's counsel have handed up several requests to charge; they are very much the same as I have given, but if desired I shall go over them. Mr. Abney: I think your Honor's charge has covered them. The Court: I would say as to one here, I will have to refuse it. I approve of all

except part of one which looks like an attempt to tell the jury the effect of the testimony. It is not for the Court to say what is not negligence in the testimony; I can only define—Mr. Abney: I think your Honor has covered them. I do not withdraw them, but make no objection to your Honor not taking them up to charge them * * * But if you come to the conclusion, either that she was not injured at all, or that the injury from which she suffered was due to her own negligence to the extent that her carelessness was the primary and direct and proximate cause of the injury— in other words, was guilty of contributory negligence as alleged by the company, in either of these events you will find for the defendant." Contributory negligence is thus defined in 7 Enc. of Law (2d edition), 37: "Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred." This definition has been approved in several recent opinions by this Court. Without deciding the question, whether the defendant's attorney waived the right to complain of the charge to the jury, we are nevertheless of the opinion that the charge as to contributory negligence, when considered in its entirety, was substantially in accord with the foregoing definition.

If the defendant desired his Honor, the presiding Judge, to charge more specifically upon this subject, requests should have been presented to that effect. This exception is overruled.

The judgment of the Circuit Court is reversed.

MR. JUSTICE POPE *concurs in the result,* but agrees with the Chief Justice in his separate opinion as to appellant's fifth exception.

MR. JUSTICE JONES *concurs,* except as to the fifth excep-
21—59

tion, as to which he concurs in the separate opinion of the Chief Justice.

MR. CHIEF JUSTICE MCIVER.   I concur in the result; but I cannot concur in what is said as to appellant's fifth exception; and, on the contrary, think that exception should also have been sustained.   It seems to me that in that portion of the charge which is made the basis of this exception, the Circuit Judge has erred in defining the law of contributory negligence.   The rule upon this subject is thus laid down in that very valuable work, Am. & Eng. Enc. of Law, 7th vol. of the 2d edition: "Contributory negligence is a want of ordinary care upon the part of a person injured by the negligence of another combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred."   This definition of contributory negligence has been quoted with approval, in at least two of our recent cases—*Cooper* v. *Railway Company,* 56 S. C., 91, and *Bowen* v. *Southern Railway Company,* 58 S. C., 222.   From this, as well as from what is said in *Farley* v. *Baskett and Veneer Co.,* 51 S. C., at page 237, and in *Disher* v. *Railroad Company,* 55 S. C., at page 192-3, it is apparent that the defense of contributory negligence can only arise when the injury complained of is the compound result of the negligence of both plaintiff and defendant, both contributing to such result by their combined and concurrent action as the proximate cause of the injury.   Hence, as is said by the late Justice McGowan, in *Sims* v. *Railway Company,* 26 S. C., at page 497, "until a *prima facie* case of negligence is made out against the defendant, there can be no such question as that of contributory negligence on the part of the plaintiff."   And as is said by Mr. Justice Jones, in *Cooper* v. *Railway Company, supra,* at page 95, immediately after making the above quotation from the Ency. of Law: "It is thus seen that contributory negligence by a plaintiff can never exist except when the injury has resulted

from the negligence of defendant as a concurring proximate cause." Indeed, this view is necessarily involved in the meaning of the word "contributory," for it necessarily implies that there is some other negligence to which it contributes in bringing about the injury complained of—both being *a* proximate cause and the two combined and concurring together constitute *the* proximate cause of the injury. When, therefore, the Circuit Judge charged the jury as set forth in this exception, he violated the rule above stated, based upon the authorities above cited; for when he instructed the jury that "before the jury can be justified in refusing to find for the plaintiff on the ground of contributory negligence, they must be satisfied by the preponderance of the evidence that the injury complained of was primarily due to that negligence; that the plaintiff's negligence was *the* direct proximate cause of the injury; that but for the negligence of the plaintiff the injury would not have occurred; when that is the case, the jury must find for the defendant"—more especially when he added these words: "It is not sufficient for the defendant to show that the plaintiff may, to some extent, have been careless or negligent; the jury must be satisfied, before they can find for the defendant on such plea as that, that the plaintiff's negligence was *the* direct and proximate cause of the injury" (the italics mine). He completely ignored and eliminated the word "contributory," and practically presented the issue to the jury as if the sole question was whether the injury was caused by the plaintiff's own negligence or that of the defendant; whereas, the issue presented by a plea of contributory negligence is whether both parties were negligent, and whether the negligence of each contributed as a proximate cause to the injury complained of. This being the issue presented by the pleadings, it was the duty of the Circuit Judge to instruct the jury as to the law in reference to such issue without any specific request to that effect, and if he undertook to do so and laid down the law incorrectly, as I think he did, then that constitutes reversible error. If he

had inadvertently or for any other reason omitted to charge the jury as to the law of contributory negligence, then, possibly, a request would have been necessary for the purpose of calling the attention of the Circuit Judge to such omission. But here he undertook to charge the jury as to the law of contributory negligence, and the complaint is that he erred in the instructions which he gave to the jury as to the law of contributory negligence. It is to be observed that the very same error complained of here is pointed out in the notes to the passage above quoted from the Ency. of Law, and the annotator speaks of it as a common error, which he says "has been well corrected in a West Virginia case, where the true meaning of contributory negligence is accurately stated," and he proceeds to quote from that case (*Washington* v. *Baltimore &c. R. Co.,* 17 W. Va., 190, 10 Am. & Eng. R. Cas., 755,) as follows: "Properly speaking, contributory negligence, as the very words import, arises when the plaintiff as well as the defendant has done some act negligently, or has omitted through negligence to do some act which it was their respective duty to do, and the combined negligence of the two parties has directly produced the injury."

While, therefore, I concur with Mr. Justice Gary in the view which he takes of the other questions in the case, I cannot agree with him in the view which he takes of the fifth exception.