#### IN THE

# SUPREME COURT

#### OF THE

### STATE OF NEW YORK,

IN MAY TERM, 1825, IN THE FORTY-NINTH YEAR OF OUR INDE-
PENDENCE.

---

## M'KEE against NELSON.

ACTION for breach of promise of marriage. On the trial at the city of New York, before EDWARDS, C. Judge. February 9, 1825, the plaintiff proved the progress of the intimacy between the parties, and finally a promise of marriage, and the defendant's refusal to execute it. And in the course of the examination of witnesses, W. J. M'Kee and Margaret M'Kee, witnesses for the plaintiff, expressed their opinions that the plaintiff was from what they saw, much attached to the defendant. This passed without objection. Thomas M'Kee, also a witness for the plaintiff, expressed the same opinion, without objection.

*In an action for a breach of a marriage promise, a witness may be asked his opinion, whether, living with the plaintiff, and from an observance of her deportment, &c. he is of opinion that the plaintiff was sincerely attached to the defendant.*

Afterwards, in the course of the trial, the plaintiff's counsel interrogated Thomas M'Kee, Margaret M'Kee and Robert M'Kee, whether, living in the same house, and con-

*The father of the defendant may be asked, if he did not remonstrate with the*

defendant against the marriage ; but shall not be allowed to specify immoral *conduct, as the* ground of such remonstrance, unless he personally knows the ground to be true.

*Unchastity or immorality in the plaintiff may be given in evidence by the defendant.*

*After a question has been repeatedly asked and answered without objection, in the course of a trial, it is too late to object to its repetition, on the ground that the answer is in itself inadmissible.*

NEW YORK,
May, 1825.

M'Kee
v.
Nelson.

stantly associating with the plaintiff as a member of the family, and from an attentive observance of her whole deportment during the courtship, and at the time of the defendant's deserting her, it was their opinion or not that the plaintiff was sincerely attached to the defendant. To this question, the counsel for the defendant objected : but the Judge overruled the objection, observing, that, whether the plaintiff's affection was sincere or not, could only be gathered from an attentive observation of her conduct, and was not susceptible of any other proof, than what had been already given, and was then offered by the plaintiff.

To this decision the counsel for the defendant excepted.

The counsel for the defendant proposed to interrogate the father of the defendant, whether he and the defendant's mother did not, after the promise had been made, and before its breach, remonstrate with the defendant against his marrying the plaintiff; and whether they assigned to the defendant any, and what reasons why he ought not to marry the plaintiff. To this question, the plaintiff's counsel objected. The Judge decided that the question might be put whether the father and mother did not strenuously remonstrate with the defendant against the marriage; but not as to the reasons of the remonstrance, i. e., as to any particular facts stated on which the remonstrance was grounded, which might affect the moral character of the plaintiff, unless the witness had a personal knowledge of the truth of those facts. To this decision the plaintiff's counsel also excepted; and a bill of exceptions, including both points, having been sealed, and a verdict found for the plaintiff,

*D. Graham*, for the plaintiff, now moved to bring it to a hearing as frivolous.

*G. Griffin*, contra.

*Curia.* We think the Judge's decision founded in good sense, and in the nature of things. We do not see how the various facts upon which an opinion of the plaintiff's attachment must be grounded are capable of specification, so as to leave it, like ordinary facts, as a matter of inference, to the jury. It is true, as a general rule, that witnesses are not al-

lowed to give their opinions to a jury; but there are exceptions, and we think this one of them. There are a thousand nameless things, indicating the existence and degree of the tender passion, which language cannot specify. The opinion of witnesses on this subject must be derived from a series of instances, passing under their observation, which yet they never could detail to a jury. Were there nothing more in the case, therefore, we think there is no ground for the bill.

NEW YORK
May, 1825.

But we are not left to this ground: The objection came too late. It was certainly waived. The same opinion had been repeatedly expressed, in the same manner, in the course of the trial, by different witnesses, without any sort of objection. Just as the trial is drawing to a close, on these questions being put, the objection is made for the first time. The answer would have been a mere iteration of what had passed without objection, at intervals, during the whole previous course of the trial. At least, under the circumstances, it was altogether immaterial. It could not change the complexion of the case.

The answer of the father as to particular facts was also clearly inadmissible. Want of chastity, or immoral conduct, may be shown; but it is matter of proof. The effect of allowing the father to answer as to particulars might have been, by a side wind, to get that in which was untrue, resting merely in conjecture; and thus to work a prejudice in the mind of the jury. This cannot be tolerated. A new trial must be denied.

Rule accordingly.