WILLIAM J. HARDENBURGH *against* WILLIAM COCKROFT.

Defendant's witness having testified that while standing at the point A., he had overheard a conversation carried on at the point B., the plaintiff, in order to impeach him, was allowed to ask a witness who had examined the ground, but who was not present at the time the conversation was alleged to have taken place, whether, in his judgment, a conversation carried on at point A. could be heard at point B., but was not allowed to ask the witness in regard to

experiments he had made to determine this fact: *Held*, that there was error, in receiving as material evidence the opinion of a witness who saw and heard nothing of the occurrence, *i. e.*, the alleged conversation, concerning which his testimony was offered; and 2d, in receiving as material evidence an opinion from a witness who was not permitted to state any facts within his knowledge on which his opinion was based.

APPEAL by defendant from a judgment of this court entered on the report of a referee.

The action was brought to recover a balance alleged to be due for work done and materials furnished by the plaintiff for the defendant in building a green house and grapery, and doing other work on defendant's premises.

One of the questions in issue was as to the terms of the contract under which the work was done. The defendant testified to a conversation had by him with the plaintiff, in which the terms of the contract had been agreed upon, and then called one Kemp, his gardener, who testified to having overheard the conversation.

The plaintiff then endeavored to impeach Kemp's testimony, by showing that he could not have overheard the conversation while standing at the place at which he testified he was when he heard it; and for this purpose called several witnesses, who were acquainted with the localities, and asked this question: "In your judgment, could a conversation carried on at the vegetable vaults or root house be heard by a person standing in the locality formerly occupied by the tool house?"

Against the objection of the defendant the question was allowed, and the witnesses testified that, in their opinion, such a conversation could not be overheard. Before asking this question, however, the plaintiff's counsel put to each witness several questions as to experiments made by him, in order to determine the possibility of overhearing a conversation under such circumstances; but, upon the objection of defendant's counsel, the referee refused to allow these questions to be answered.

*A. J. Vanderpoel*, for appellant.

*John E. Burrill*, for respondent.

J. F. DALY, J.—There are three classes of cases in which the opinions of witnesses may be given in evidence: First, on questions of skill, science, or trade, where the witnesses are experts; second, on questions of identity, as of persons, handwriting, and the like; and third, on questions concerning the condition and situation of persons, things, or places, where, from the nature of the subject to be investigated, it cannot be described in language so as to enable persons not eye-witnesses to form an accurate judgment in regard to it (*De Witt* v. *Barly*, 17 N. Y. 342; *People* v. *Eastwood*, 14 N. Y. 566; *Trelawney* v. *Coleman*, 2 Stark. 191; *Jameson* v. *Drinkald*, 12 Moore, 148; *Gibson* v. *Gibson*, 9 Yerg. 329; *McKee* v. *Nelson*, 4 Cow. 355).

The questions put to the witnesses Smith and Daniels, as to whether, in their judgment, a conversation carried on in an ordinary tone of voice between two persons, at the vaults on defendant's premises, could be heard by a person standing at the locality formerly occupied by the tool house—not involving any question, 1st, of science, skill, or trade; nor, 2d, of identity—must, if properly allowed by the referee, fall within the third class of cases above mentioned, where opinions may be given in evidence. This class is certainly large and difficult of definition and limitation; but, it seems to me, if extended to the utmost reasonable bounds, cannot cover the questions above referred to. The opinion of the witnesses Smith and Daniels were offered by the plaintiff to show that a conversation alleged to be heard by Kemp, a witness for defendant, could not have been heard by him, if such conversation took place between plaintiff and defendant at the spot he testified it did, and he stood at the time in the place he said he was. Neither Smith nor Daniels were present at the time and place of the alleged conversation. They went to the place afterwards and examined it, and Daniels measured the distance from the vaults to the former locality of the tool house. The referee refused to allow the witnesses to state what experiments they made then and there to test whether a conversation could be heard at one spot, if carried on at the other; but allowed them to give their opinion as to whether such a conversation, if

carried on in an ordinary tone of voice, at the vaults, could be heard at the locality of the tool house. In other words, the witnesses were allowed to give their opinions, but the facts on which the opinions were founded were excluded. Now, the rule is, that if the opinions of witnesses are founded on illegal evidence, they ought not to be listened to ; if founded on legal evidence, that evidence ought to be laid before the tribunal, which the law presumes to be at least as capable as the witnesses of drawing from the facts any inferences that justice may require (Best on Ev. § 511, 5th edition). It would seem, therefore, that there was some inconsistency in excluding as improper the facts on which the witnesses Smith and Daniels based their judgment, and yet allowing them to give such judgment in evidence. But it may be said that this was such a case as is contemplated by the opinion in *People* v. *Eastwood* (*supra*), where the fact is better ascertained by the opinion of the witness than by his description of what occurred. Let us, therefore, examine the cases cited as within that rule. In *The People* v. *Eastwood*, a witness was allowed to state whether, in his opinion, the prisoner was *intoxicated* at a certain time. The court say : " It was merely a statement of what the witness saw ; that whether a person be drunk or sober is better ascertained by the opinion of persons who saw him, than by a description of his conduct ; and that objection would be good, if the opinion were given as to facts not within his own observation." In the present case, the witnesses Smith and Daniels were not present at the alleged conversation between plaintiff and defendant, did not hear the tone in which it was carried on, did not see the postures of the parties, did not pretend to know the direction of the wind, nor the state of the atmosphere ; in fact, neither saw nor heard anything of that act which they could describe to the court, and on which they could give an opinion. In *De Witt* v. *Barly* (*supra*), the witness was allowed to give his opinion as to the mental imbecility of a person. The court say that the appearances which indicate imbecility or intoxication cannot be so perfectly described in words as to enable persons not eye-witnesses to judge with accuracy on the subject. The witness in that case *saw the con-*

*duct of the person whose imbecility was in question*, and, although a person not an expert could not testify as to the derangement of mental powers otherwise vigorous, his opinion may be given in cases of idiocy or imbecility arising from natural decay. In *McKee* v. *Nelson* (*supra*), which was an action for breach of promise, a witness *who had observed plaintiff's conduct and deportment* towards defendant, was allowed to testify whether, in her opinion, plaintiff was sincerely attached to defendant. In *Trelawney* v. *Coleman* (*supra*), which was an action for *crim. con.*, a witness who had observed the parties was allowed to give her opinion as to the degree of affection entertained by the wife for the husband.

And so in cases where the question arises as to the state of an unproducible portion of real evidence, as the appearance of a building, or of a public document which the law will not allow to be brought from its repository, the opinions of witnesses may be given (Best on Ev. § 517, 5th ed.)

In all these cases it will be seen that the witness giving an opinion has seen the very thing, person, or occurrence concerning which the opinion was admitted. In every case the facts on which the opinion was founded were given in evidence, and the opinion was then received *ex necessitate* as the only means of arriving at a just conclusion. The law does not favor the admission of evidence of opinions but from necessity alone, and the witness must state the facts on which he bases it. The court is entitled to both the facts and the opinion—the facts in order to judge of the value of the opinion, and the opinion in order to have under oath the judgment of the eye-witness on the occurrences within his knowledge. In this case the error of the referee consisted in, 1st, receiving as material the opinion of witnesses who saw and heard nothing of the occurrence— *i. e.*, the alleged conversation between plaintiff and defendant, concerning which their testimony was offered; 2d, receiving as material evidence an opinion from witnesses who were not permitted to state any facts within their knowledge on which their opinion was based. He excluded from his consideration the facts, and yet received in evidence the opinion; and yet the value of that opinion could only be determined from the facts.

Hardenburgh v. Cockroft.

It was immaterial that the defendant objected to proof of the experiments made by the witnesses, because the case is not analogous to that where the opinion of experts is received after the foundation for the opinion—*i. e.*, the experience and knowledge of the experts is objected to and excluded. The witnesses were not experts, and it was not a question of skill or science. It is a mere naked question whether witnesses not shown to be cognizant of any facts in dispute should be allowed to give an opinion affecting the credibility of testimony previously introduced to prove those facts. In the case of *Renwick* v. *The N. Y. Central R. R. Co.* (1 Transcript Appeals, 47), where a witness, who was a passenger on a train, was called to show that there was an omission of the requisite signal, and who testified that he did not hear any whistle or bell, was asked, " Could you have heard the sound of the whistle or bell if one had been rung ? " the court say that the question should be construed as merely asking whether the witness was so situated that he could have heard, and in that view admissible. The question called for an opinion of the witness, but he was present at the time of the occurrence which was the subject of the action, and he testified to his own hearing, and did not offer an opinion as to any other person's sense.

In this case the opinion was received as materially affecting an occurrence which the witnesses neither saw nor heard, and is not within any rule which permits opinions to be given in evidence.

The objection and exception having been duly taken by defendant, the judgment must be reversed and a new trial ordered, costs to abide the event.

DALY, Ch. J., and LOEW, J., concurred.

Judgment reversed.