ROCKINGHAM, DECEMBER, 1881.

---

MARCY, *Adm'r, v.* AMAZEEN *& a.*

In an administrator's suit, the right to object, under General Laws, *c.* 228, *s.* 16, to the opposite party's testifying, is a right of the administrator, and not of any third person who may be a party.

The fact that one deposits his money in a bank in another's name, but subject to the depositor's order, without notice to the other party, and retains control of the fund, does not amount to a gift *inter vivos* of the money; nor is it sufficient evidence of an intention to create a trust.

BILL IN EQUITY, stating that in the plaintiff's hands, as administrator of the estate of Joseph Amazeen, are three books of deposit in the Portsmouth Savings Bank, one in the name of Mary E., one in the name of John E., and one in the name of Florence (who are children and heirs at law of the deceased, and are made defendants), and praying for instructions.

In their answers, the defendants, John E. and Florence, admit that the money was deposited by Joseph in his lifetime, and state that they are ignorant whether he intended the books in their names should belong to them or not. Mary admits that her father deposited the money, and says that in his lifetime he gave her the deposit-book standing in her name, and that she accepted the gift.

The plaintiff and Florence did not testify. John E. testified only to matters that occurred since the decease of Joseph. The books were found among the effects of the deceased. There was no evidence tending to show that John E. and Florence ever had possession of the books in their names, or knew of their existence,

until after their father's death. One of the by-laws of the bank, printed on the deposit-books, was as follows: "Depositors are alone responsible for the safe keeping of their books, and the proper withdrawal of their money. No withdrawals will be allowed without the book, and the book is the order for the withdrawal." Upon the testimony of Mary, received against the objection of the other defendants, it is found that the bank book in her name was delivered to her by her father in his lifetime as a gift, and was accepted by her. On the bank ledger containing the accounts in the children's names, and over their names, the following was written at the depositor's request: "Pay to the order of Capt. Joseph Amazeen."

*J. S. H. Frink*, for the plaintiff.

*C. E. Batchelder*, for Mary E. Brooks. The testator, having deposited the money in the names of his children, unconditionally and without limitation, is presumed to have intended a gift to them. On its face, the act of depositing in that manner imports a gift, the payment of a debt, or a deposit of the children's own money. There was a delivery of the money to the bank as bailee of the defendants. The voucher or document of title was retained by the testator, presumably as guardian or agent of the defendants, and his whole conduct is consistent with that presumption. The presumption that this was a gift is stronger when we consider the relationship of the parties. *Bennet* v. *Bennet*, L. R. 10 Ch. D. 474.

All the authorities declare that where the deposit is made in the name of another, such act makes a completed gift. *Howard* v. *Savings Bank*, 40 Vt. 597; *Gardner* v. *Merritt*, 32 Md. 78. Even the Massachusetts decisions, though opposed to the weight of authority upon the question of the creation of a trust by a deposit in the name of the depositor as trustee, recognize that a deposit in the name of another makes a perfected gift to that other. *Brabrook* v. *Boston Savings Bank*, 104 Mass. 228, 231.

But the most unfavorable view of the transaction for this defendant would be that the deposit in her name amounted to a declaration of trust in her favor. *Blasdel* v. *Locke*, 52 N. H. 238, 243; *Martin* v. *Funk*, 75 N. Y. 134. *Brabrook* v. *Boston Savings Bank*, 104 Mass. 228, and *Clark* v. *Clark*, 108 Mass. 522, are opposed to the weight of authority upon this point. In the first case, it was found as a fact that the "form of the deposit was adopted for the sole purpose of evading a by-law of the bank, and a provision of the statutes limiting the amount that could be received from any one depositor." *Id.*, 232. The latter case received little consideration in the opinion, and was decided on the authority of *Brabrook* v. *Boston Savings Bank*. But in *Gerrish* v. *Institution for Savings*, 128 Mass. 159, the court explained the reasons for the two previous decisions, and showed that in those cases the declara-

tion of trust was indefinite.    In the case at bar there is a definite appropriation of the principal sum and all its future income by the manner of making the deposit.

The trust may be perfectly created without notice to the *cestui que trust*, or even to the trustee.    Perry on Trusts, *s.* 105; *Gerrish* v. *Institution for Savings*, 128 Mass. 159, 163; *Davis* v. *Ney*, 125 Mass. 590, 592; *Martin* v. *Funk*, *supra*.

*E. F. Johnson* (of Massachusetts) and *Calvin Page*, for John E. Amazeen and Florence A. Morse.    If the testimony of Mary E. Brooks is received, and credit given to it, the whole estate is at her mercy, and it rests wholly with her to determine whether she will claim it all or not.    But her testimony is not admissible.    G. L., *c.* 228, *s.* 16.    The question is one between the estate of the deceased and the proposed witness, who is a defendant; and she cannot testify without proving that actual injustice will be done by excluding her.    *Chandler* v. *Davis*, 47 N. H. 462; *Harvey* v. *Hilliard*, 47 N. H. 551; *Brown* v. *Brown*, 48 N. H. 90; *Fosgate* v. *Thompson*, 54 N. H. 455; *Hoit* v. *Russell*, 56 N. H. 559.

It is claimed that the administrator alone can object to her testimony; but as the statute expressly says that "neither party shall testify in a cause when the adverse party is an executor or administrator," it is the duty of the court to enforce this provision, whenever its attention is brought to the matter.    The court had no more right to allow Mrs. Brooks to testify, than it had to allow respondents in criminal cases to testify in their own behalf before the statute allowed them to do so.    *Harvey* v. *Hilliard*, *supra*.

STANLEY, J.    If the administrator is to be regarded as the party resisting Mary's claim, no objection was made to her testimony by the only party who could object.    *Harvey* v. *Hilliard*, 47 N. H. 551, 553; *Burns* v. *Madigan*, 60 N. H. 197.    The case does not raise the question whether he could authorize John and Florence to exercise his power of objecting.    And whatever questions may be raised in the probate court, or in a suit on his bond, as to his duty, the court is no more bound to sustain an objection not made by the proper party, than to act upon a plea of the general statute of limitations that is not filed.    *Hodgdon* v. *White*, 11 N. H. 208; *Amoskeag Co.* v. *Barnes*, 48 N. H. 25, 29; *Dewdney, ex parte*, 15 Ves. 479.    If John and Florence were "the adverse party" within the meaning of Gen. Laws, *c.* 228, *s.* 16 (*Drew* v. *McDaniel*, 60 N. H. 480, 482), they could not make the objection in their own behalf.

The facts necessary to establish a valid gift to Mary have been found.    The donor's actual delivery of the book to her, with the intention of conveying the title, and her acceptance of it, made the transaction a gift *inter vivos*.    *Reed* v. *Spaulding*, 42 N. H. 114, 119; *Craig* v. *Kittredge*, 46 N. H. 57; *Sanborn* v. *Goodhue*, 28 N. H. 48, 56; *Marston* v. *Marston*, 21 N. H. 491; *Davis* v. *Ney*,

125 Mass. 590; *Gerrish* v. *Inst. for Savings*, 128 Mass. 159, 163; *Hill* v. *Stevenson*, 63 Me. 364.

There was no delivery or acceptance of the other bank books. The fact that the father made deposits in the names of his children, but retained possession of the books, without notice to them, and without any declaration of his intention, except that the deposits should be subject to his order, is not a sufficient basis for finding that he intended them as gifts to his children. Retaining the title, and having the right to dispose of the money as he saw fit, he did not make a gift of these two books. *Cummings* v. *Bramhall*, 120 Mass. 552, 564. Nor did he on this evidence create a binding trust in favor of his children. If a trust at all, it was executory, and without consideration. No beneficial interest vested in the *cestuis que trust*. *Bartlett* v. *Remington*, 59 N. H. 364. They had no knowledge of the arrangement, and were not parties to it. It was a voluntary disposition of his own property. If notice to the *cestuis que trust*, or donees, was not an essential element of the supposed trust or gift, and if the retention of the passbooks by the donor is not inconsistent with the completeness of the act (*Martin* v. *Funk*, 75 N. Y. 134, 143, and *Blasdell* v. *Locke*, 52 N. H. 238, 243), still there must be some evidence of the donor's intention to create a trust or to make a gift, before either can be said to exist. *Brabrook* v. *Bank*, 104 Mass. 228; *Clark* v. *Clark*, 108 Mass. 522; *Blasdell* v. *Locke, supra; Perry's Petition,* 16 N. H. 44; *Sheegag* v. *Perkins*, 4 Bax. 273. But the fact that he attempted to make a gift, and failed, raises no presumption that he intended to establish a trust. The latter cannot be inferred from a radical imperfection in the former. *Milroy* v. *Lord*, 4 DeG. F. & J. 264, 275; *Young* v. *Young*, 80 N. Y. 422, 437; Perry, Trusts, s. 105; Story Eq. Jur., ss. 433, 706, 706a, 1040a; *Antrobus* v. *Smith*, 12 Ves. 43; *Gardner* v. *Merritt*, 32 Md. 78.

The question is, whether the depositor's intention to establish a trust in favor of his children is proved by competent evidence. As there is no express declaration of a trust, as the by-laws of the bank, which became a part of his contract of deposit, are consistent with the idea that he was placing his money there for himself (*Howard* v. *Savings Bank*, 40 Vt. 597), and as he retained the bank books without notice to the defendants or to any one for them, and caused an entry to be made on the bank ledger showing that the money was payable to his own order, his intention to create a trust cannot be found.

*Case discharged.*

SMITH, J., did not sit: the others concurred.