PATTEN *v.* CILLEY, *Ap't.*

A decision of the federal court dismissing a petition for the removal of a case will not be reviewed in this court.

Upon an appeal from the probate of a will, the executor has the right to open and close, though the only question for actual trial is, whether the testator was unduly influenced in making the will.

Upon that question a witness, found to be qualified, may be allowed to testify that the testator was a person not easily influenced by others.

The omission of an agent, who caused a bill in equity to be brought against third parties, to disprove upon the trial thereof an allegation in the answer, may be evidence of its truth, and may be used to contradict him as a witness in another suit between other parties.

There is no presumption of law that the confidential agent of a testator, who assisted him in making the will in which he is the sole legatee, unduly influenced the testator.

APPEAL, from a decree of the probate court allowing a certain instrument as the will of Matilda P. Jenness. April 1, 1890, the defendant, Cilley, filed his petition for the removal of the appeal to the circuit court of the United States, on the ground of diverse citizenship. September 26, 1892, the cause was remanded to this court, for the reason that the circuit court held that it had

no jurisdiction of the subject-matter of the proceeding. Thereupon the defendant filed another petition, with a sufficient bond, for a removal of the cause, alleging under oath that the parties were residents of different states, and that by reason of local prejudice he would not be able to obtain justice in the state court. He also filed in the circuit court a petition containing the same allegations, and asking for a determination of the question of local prejudice. The presiding justice of the state court denied the petition, and ordered the trial to proceed; and the defendant excepted.

The only issue submitted was, whether the testatrix was induced, by undue influence, over-persuasion, and artful misrepresentations on the part of the plaintiff and others, to execute the instrument offered as her will. It was conceded that the testatrix was more than twenty-one years of age and of sane mind, and that the instrument was attested and subscribed by three credible witnesses. The court ruled that the plaintiff had the right to open and close; and the defendant excepted.

Two witnesses for the plaintiff were allowed to testify, upon direct examination, subject to the defendant's exception, that Miss Jenness was a woman of much strength of mind, and could not be easily influenced by others in her wishes and desires.

There was evidence that John J. Cilley, one of her heirs, represented her in an attempted settlement of her sister's estate, and that she was displeased with him because he did not obtain for her as much money on the settlement as she expected. John testified that he attended the meeting of the heirs as her agent, and subsequently caused a bill in equity to be brought in her behalf against the heirs, who objected to the settlement. Subject to the defendant's exception, the plaintiff was allowed to read in evidence the answer of the heirs, in which it was alleged that Matilda Jenness declined to take part in the settlement, and was not represented at the meeting. John testified that it was his impression that no evidence was taken to contradict this averment of the answer.

The evidence disclosed that the plaintiff became the agent of Miss Jenness in 1878, under a power of attorney to act for her in all her business matters, and subsequently received from her securities of the value of $80,000 to manage for her; that he received from her for his own use more than $40,000. By a will dated January 10, 1878, she devised her entire estate to her three nephews, one of whom is the defendant. February 4, 1879, she executed another will, in which she named the plaintiff as sole legatee. This will was prepared for her by the procuration of the plaintiff, and it did not directly appear that she read it either before or after signing it. The will in controversy was executed March 26, 1884, is in the handwriting of the plaintiff, and he is the sole legatee named therein. There was no direct evidence that she read this will, or knew what it contained.

The defendant requested the court to charge the jury that it was important for the plaintiff, as he held confidential relations towards the testatrix as her confidential agent, to have set the question of her knowledge of the contents of the will at rest by having her communicate her instructions in the presence of a third person, or by reading the will to her, or by explaining it to her, or by having her read it in the presence of a witness,—but if he did not do this, then, because he did not do it, he is fairly subject to an inference that the will did not contain her testamentary purposes; that it is always a ground of suspicion, where one holding confidential relations to the testator prepares and directs the execution of a will under which he takes considerable interest; and that when a party who prepares a will holds such confidential relations as the plaintiff occupied towards the testatrix, and takes a benefit under it, that is a circumstance which excites suspicion, and unless that suspicion is removed by the evidence in the case, the verdict must be against the validity of the will. The court declined to give the instructions requested, and the defendant excepted. Among the instructions given were the following:

" In weighing the evidence, you may, on the one hand, properly consider the confidential and trust relation existing between Mr. Patten and Miss Jenness; the peculiar opportunity it afforded him for unduly influencing her mind; the fact that the will is in his handwriting; the benefit he derives from it; the circumstances attending its preparation and execution; that it contains no provision for her kindred; that she had previously made a will in favor of the contestants; that she had already made Mr. Patten large gifts;—these matters, with all other evidence bearing in the same direction, are proper to be considered as tending more or less directly to prove undue influence, which may be shown either by direct proof, or may be inferred from circumstances."

A verdict was returned sustaining the will.

*Harvey D. Hadlock* (of Massachusetts), *William L. Foster*, and *Harry G. Sargent*, for the defendant. The right to open and close is a question of practice only. *Day* v. *Woodworth*, 13 How. 363; *Schoff* v. *Laithe*, 58 N. H. 503. The party on whom the burden of proof in the first instance devolves is entitled to open and close. It is to be considered which party would get the verdict if no evidence was given on either side; and the right to begin is with the one who in that way would lose his case. *Judge of Probate* v. *Stone*, 44 N. H. 593. The issue in this case is such as to throw the burden upon the defendant, since, in the absence of evidence in support of the issue of undue influence, the court would be obliged to direct a verdict for the plaintiff. *Robertson* v. *Edelhoff*, 132 U. S. 614.

All the statutory requirements of a valid will are admitted, and

the simple issue of undue influence alone is presented. The reason of the decisions in *Judge of Probate* v. *Stone, supra, Hardy* v. *Merrill,* 56 N. H. 227, and *Boardman* v. *Woodman,* 47 N. H. 120, has no application. In this case no question is raised as to the sanity of the testatrix, or of the due execution of the will. The defendant, relying upon a cause not enumerated in the statute, says that notwithstanding all the forms of law have been complied with in the execution of the will, still it is not a valid will because the testatrix was unduly influenced in making it. This is a new and independent issue, wholly different from the issues required by the statute to be established, and one not passed upon in the probate court. To invalidate a will upon this ground there must be affirmative evidence of facts from which undue influence may be found. *Cudney* v. *Cudney,* 68 N. Y. 148. The only burden in the case is cast upon the defendant, and it remains with him throughout the trial. *Baldwin* v. *Parker,* 99 Mass. 79; *Davis* v. *Davis,* 123 Mass. 590; *Shailer* v. *Bumstead,* 99 Mass. 112.

This court has uniformly held, as a general rule, that the party who holds the affirmative has the right to open and close. *Belknap* v. *Wendell,* 21 N. H. 175; *Buzzell* v. *Snell,* 25 N. H. 474; *Chesley* v. *Chesley,* 37 N. H. 229. And the same rule should be applied in a case like the one at bar, where the issue relates simply to the existence or nonexistence of undue influence over the mind of the testatrix. *Hutley* v. *Grimstone,* 41 L. T. Rep. N. S. 531; *Edilen* v. *Edilen,* 6 Md. 288; *Townshend* v. *Townshend,* 7 Gill 10; *Farrell* v. *Brennan,* 32 Mo. 328; *McClintock* v. *Curd,* 32 Mo. 411; *Roe* v. *Taylor,* 45 Ill. 485; *Baldwin* v. *Parker,* 99 Mass. 79; *Davis* v. *Davis,* 123 Mass. 590; *List* v. *Kortepeter,* 26 Ind. 27; *Harvey* v. *Ellithorpe,* 26 Ill. 418; *Tipton* v. *Triplett,* 1 Met. Ky. 570; *Leech* v. *Armitage,* 2 Dall. 125; *Conselyea* v. *Swift,* 103 N. Y. 604; *Plenty* v. *Rendle,* 43 Hun 568; *Katz* v. *Kuhn,* 9 Daly 166; *Love* v. *Dickerson,* 85 N C. 5; *Williams* v. *Shup,* 12 Bradw. 454; *Millerd* v. *Thorn,* 56 N. Y. 402; *Tobin* v. *Jenkins,* 29 Ark. 151; *Colwell* v. *Brower,* 75 Ill. 516; *Hudson* v. *Wetherington,* 79 N. C. 3; *Rogers* v. *Diamond,* 13 Ark. 474; *Johnson* v. *Martin,* 25 Ga. 268; *Mason* v. *Croom,* 24 Ga. 211; *Kimble* v. *Adair,* 2 Blackf. 320; *Waller* v. *Morgan,* 18 B. Mon. 136; *Hudson* v. *Brown,* 8 C. & P. 774; *Johnson* v. *Josephs,* 75 Me. 544; *Patten* v. *Cilley,* 46 Fed. Rep. 892; Best Ev., s. 269; 3 Black. Com. 366.

It was error to allow witnesses to testify that the testator could not be easily influenced. They were not asked for their opinion upon the question of the sanity of the testatrix, but for their opinion based upon facts from which the jury were as competent to draw a conclusion as they were. *State* v. *Pike,* 49 N. H. 399; *People* v. *Barber,* 115 N. Y. 475. "The use of witnesses being to inform the tribunal respecting facts, their opinions are not, in gen eral, receivable as evidence." 2 Best Ev., s. 511; *Keith* v. *Bliss,*

10 Bradw. 424; *Ennis* v. *Lamb*, 10 Bradw. 447; *McGeoch* v. *Hooker*, 11 Bradw. 649; *Chicago* v. *McGiven*, 78 Ill. 347.

The court erred in allowing the answer in a former equity suit to be read in evidence. *Hart* v. *Ten Eyck*, 2 Johns. Ch. 62, 88; 2 Sto. Eq. Jur., s. 1529; *Bailey* v. *O'Donnel*, 77 Wis. 677; *Leeds* v. *Insurance Co.*, 2 Wheat. 380; *Fresh* v. *Gilson*, 16 Pet. 327; *Richardson* v. *Golden*, 3 Wash. 109.

The instructions requested should have been given. The charge was so restricted as to exclude every act as undue influence which did not amount to coercion, and which did not show that the will was obtained by importunity which could not be resisted. There was a burden resting upon the plaintiff to overcome the presumption that by reason of the confidence the testatrix reposed in him he did not unduly influence her in making him her sole legatee. *Tyler* v. *Gardiner*, 35 N. Y. 559, 592; *Huguenin* v. *Basely*, 14 Ves. Jr. 273, 299; *St. Leger's Appeal*, 34 Conn. 434, 450; *Coffin* v. *Coffin*, 23 N. Y. 9; *Todd* v. *Grove*, 33 Md. 188; *Nesbit* v. *Nesbit*, 34 N. Y. 167; *Wright* v. *Proud*, 13 Ves. Jr. 136; *Hatch* v. *Hatch*, 9 Ves. Jr. 292, 295; *Wood* v. *Downes*, 18 Ves. Jr. 120; *Rollwagen* v. *Rollwagen*, 63 N. Y. 504; 1 Jar. Wills 36; *Reynolds* v. *Root*, 62 Barb. 250; *Lee* v. *Dill*, 11 Abb. Pr. 214; *Dean* v. *Negley*, 41 Pa. St. 312; *Taylor* v. *Wilburn*, 20 Mo. 306; *Harvey* v. *Sullens*, 46 Mo. 147; *Shipman* v. *Furniss*, 69 Ala. 555; *Delafield* v. *Parish*, 25 N. Y. 9, 89; *Page* v. *Horne*, 11 Beav. 227; *Cobbett* v. *Brock*, 20 Beav. 524; *Terry* v. *Buffington*, 11 Ga. 337; *Ingram* v. *Wyatt*, 1 Hagg. Ecc. 384; *Casborne* v. *Barsham*, 2 Beav. 76; *Cooke* v. *Lamotte*, 15 Beav. 234; *Raworth* v. *Marriott*, 1 Myl. & K. 643; *Post* v. *Mason*, 26 Hun 187; *Newhouse* v. *Godwin*, 17 Barb. 236; *Lake* v. *Ranney*, 33 Barb. 49; *Lynch* v. *Clements*, 24 N. J. Eq. 431; *Riddell* v. *Johnson*, 26 Grat. 152; *Thompson* v. *Hawks*, 14 Fed. Rep. 902; *Herster* v. *Herster*, 122 Pa. St. 239; 1 Sto. Eq. Jur. (12th ed.) ss. 308, 310, 312–323.

*Bingham & Mitchell* and *Streeter, Walker & Chase*, for the plaintiff. The burden is on the plaintiff to establish the will. The contestants' pleadings do not relieve him of this burden. The court cannot admit an instrument to probate, and approve and allow it as a will, without proof. P. S., c. 187, ss. 1, 6, 7, 12. Hence the executor has the right to open and close. *Belknap* v. *Wendell*, 21 N. H. 181; *Chesley* v. *Chesley*, 37 N. H. 229, 239; *Judge of Probate* v. *Stone*, 44 N. H. 593, 605; *Boardman* v. *Woodman*, 47 N. H. 120, 131; *Hardy* v. *Merrill*, 56 N. H. 227; Prof. Jur., ss. 213, 220. The probate of a will is in the nature of a proceeding *in rem*. It is one that affects and is conclusive upon the rights of all parties interested in the estate, as well those not before the court as those appearing upon the record; and the court will not permit those before the court to admit or concede away the essential statutory requirements. Having the primary

burden, the executor is entitled to open and close. *Perkins* v. *Perkins*, 39 N. H. 163; *Whitman* v. *Morey*, 63 N. H. 448, 455; *Brooks* v. *Barrett*, 7 Pick. 94; *Buckminster* v. *Perry*, 4 Mass. 593; *Rees* v. *Stillé*, 38 Pa. St. 138; Red. Wills 30, 31; *Brown* v. *Moore*, 6 Yerg. 272; *Syme* v. *Broughton*, 85 N. C. 367; *Tuff* v. *Hosmer*, 14 Mich. 309, 318; *Brown* v. *Griffiths*, 11 Ohio St. 329; *Banning* v. *Banning*, 12 Ohio St. 437; *Comstock* v. *Hadlyme*, 8 Conn. 253; *Williams* v. *Robinson*, 42 Vt. 658; *Thornton* v. *Thornton*, 39 Vt. 122; Sch. Ex'rs, ss. 58, 64, 73.

The testimony of witnesses as to the will power of the testatrix was competent. They were properly allowed to give their opinion upon that subject. Gr. Ev., s. 440; *Robinson* v. *Adams*, 62 Me. 369, 410; *Jones* v. *Tucker*, 41 N. H. 546; *Bundy* v. *Hyde*, 50 N. H. 116; *Carpenter* v. *Hatch*, 64 N. H. 573; *Hardy* v. *Merrill*, 56 N. H. 227.

The court was justified in refusing to give the instructions requested. There is no presumption of law that the plaintiff unduly influenced the testatrix because he sustained confidential relations to her. *Carpenter* v. *Hatch*, supra; *State* v. *Hodge*, 50 N. H. 510; *Bank* v. *Getchell*, 59 N. H. 281; *Lord* v. *Lord*, 58 N. H. 7, 11.

*Per Curiam.** 1. The defendant's application for the removal of the cause to the federal court, on the ground of local prejudice, presented a jurisdictional question which counsel have argued at considerable length, but upon which the opinion of this court would be of little practical value. After the trial, the federal court decided that it had no jurisdiction of the subject-matter, and dismissed the petition. *In re Cilley*, 58 Fed. Rep. 977. As this court has no power to overrule that decision, or to compel the circuit court to entertain jurisdiction of the case, a reëxamination here of the question decided in that court would be useless and unprofitable. Nor is it expedient for us to inquire whether the filing of the petition for removal suspended the power of the state court to proceed with the trial, because the federal court held that it did not have that effect. Their language is, that " as this petition, in the absence of an express order from this court, did not restore the original cause, but left it in the state court, to which it was remanded, it only remains for us to dismiss the petition, and it is so ordered." *In re Cilley*, supra. A remanding order was unnecessary, the case having remained in this court during the pendency of the petition in the circuit court.

2. At the trial the defendant claimed the right to open and close, and excepted to the ruling that the real issue was the validity of the will, and that the plaintiff had the burden of proof and the right to open and close. A paper purporting to be

---

\* See foot-note on page 80.

executed by Matilda P. Jenness was approved and allowed as her will by a decree of the probate court, and the defendant's appeal raises the question whether the decree shall be reversed or affirmed. Under the statute requiring him to set forth the reasons of his appeal (P. S., c. 200, s. 2), he waived all questions not stated in his appeal. But this waiver does not abridge the rights of the plaintiff. On his motion any error in the decree may be corrected here. *Patrick* v. *Cowles*, 45 N. H. 553. The appeal is to the supreme court of probate, and is not a transfer of issues from a probate to a common-law jurisdiction. If no county judge of probate could sit, the will would be allowed or disallowed, and the estate would be settled, in this court. " Upon appeal, the whole case would be brought within the jurisdiction of the supreme court of probate." *Perkins* v. *George*, 45 N. H. 453, 454; *Moses* v. *Julian*, 45 N. H. 52, 59, 60.

The plaintiff suggests no error in the decree, and there is no occasion for the exercise of the probate powers of this court on anything but the original issue, whether the paper offered for probate by the plaintiff should be approved and allowed as Matilda's will. The defendant's reasons of appeal are,—(1) Undue influence, over-persuasion, and artful misrepresentation. (2) The deceased did not understand the nature, extent, amount, and value of her property. (3) The instrument offered for probate was not duly executed. The omission of other reasons was a waiver of the questions of Matilda's age and sanity. On the first day of the trial the defendant waived the questions raised by his second and third reasons. Upon these waivers, there was nothing for trial but the question presented by his first reason. His division of the general probate issue into its component parts, and his waiver of all parts but one, left the issue to be tried on only one of the points on which it would have been tried if there had been no waiver. On the determination of that one, the decree is to be affirmed or reversed.

If Matilda had given her property to the plaintiff by deed and died intestate, and the plaintiff had brought a writ of entry against her heirs, at the trial of the action on the general issue a specification of the defence could be filed voluntarily or under an order of court. A specification alleging undue influence exercised by the plaintiff in obtaining the deed as the sole defence, would narrow the trial on the plea of *nul disseizin*. Between this plaintiff and this defendant, the probate proceeding, in substance and in effect, is an action brought by the executor, who asserts a testamentary title against an heir who denies that title.

The heir's abandonment of two reasons of appeal was a material modification of his specification of defence. It narrowed the trial on the question whether the decree should be affirmed or reversed, which is a secondary form of the issue whether the paper offered by the plaintiff for probate is Matilda's will. The

change of specification did not give the defendant the position of a plaintiff, nor send an issue from the supreme court of probate to a common-law jurisdiction. Whether the defence consisted of many items or only one, the executor continued to be the plaintiff, the party having the affirmative, the party asserting the validity of the will, as he asserted it before the defendant abandoned his third reason of appeal and ceased to deny the due execution of the will. The appellant continued to be the defendant, denying its validity on the ground of undue influence. The mere narrowing of the trial, in either of the probate courts, by oral or written waivers, reasons of appeal, specifications, or other steps of procedure, which select from all the points of possible controversy those which the defendant elects to try, does not extinguish the original issue, which was necessarily decided when the decree was made, and will necessarily be decided again when the decree is affirmed or reversed.

In one sense and for some purposes the question is, whether the execution of the paper called a will was obtained by undue influence. In another sense and for other purposes the question is, whether that paper should be approved and allowed as Matilda's will and whether its validity shall be established by an affirmance of the decree of the probate court, or whether its invalidity shall be established by a reversal of that decree. Whatever may be said of the verbal or the substantial character of the distinction between the general and the special form of the question, and however important the distinction may be for some practical purposes and however unimportant for others, the final decision of the defendant's appeal will be a probate decree affirming or reversing the decree *in rem* made by the probate court. From the time when the plaintiff presented the paper for probate till now he has been the party affirming it to be a will duly made, and he will hold that position to the end of the litigation.

"The party who affirms that a will was made has the primary burden of proof and the accompanying right to close." *Judge of Probate* v. *Stone*, 44 N. H. 593, 605. "Whatever form the issues which are sent to the trial term may assume in such cases, the nature of the proceeding is never lost sight of, nor is the final object to be attained to be kept from view." The case "is to be tried in this the supreme court of probate according to the principles adopted and the rules applied for the trial of the same questions in the probate court. And the question to be determined, no matter in what form the issues may be drawn, is the due and legal execution of the will. . . . It being understood that the object of the proceeding is to prove the due execution of the will without regard to the particular form of the issues, the executor must first produce the will to be proved, and call the subscribing witnesses if alive and within the jurisdiction. The affirmative is in fact on him, and he has uniformly been allowed the

close." *Boardman* v. *Woodman,* 47 N. H. 120, 132; *Hardy* v. *Merrill,* 56 N. H. 227, 233; *Perkins* v. *Perkins,* 39 N. H. 163, 168; *Whitman* v. *Morey,* 63 N. H. 448, 455.

If the defendant were regarded as the party having the affirmative, his exception could not be sustained, as it does not appear that injustice was done by the ruling that the plaintiff was entitled to open and close. *Schoff* v. *Laithe,* 58 N. H. 503; *Amoskeag Mfg. Co.* v. *Head,* 59 N. H. 332, 336, 337; *Hilliard* v. *Beattie,* 59 N. H. 462, 464; *Rogers* v. *Kenrick,* 63 N. H. 335, 341.

3. On the question of undue influence, the quality of Matilda's mind was a material fact. It was competent for the parties to show that she was firm and decided, or irresolute and easily persuaded to conform to the wishes of others. *Foster* v. *Dickerson,* 64 Vt. 233, 249. Witnesses found by the court to be competent to form valuable opinions on the subject, and to have had opportunities to form them, could give their opinions. Since the decision in *Hardy* v. *Merrill,* 56 N. H. 227, 242, 248, 249, the comprehensive rule there laid down, applicable to mental qualities as well as conditions, has been considered settled. *Carpenter* v. *Hatch,* 64 N. H. 573. The course taken at the trial was in accordance with our practice. There may be occasion to confine this class of evidence within limits of reasonableness and utility; but it does not appear that those limits were passed.

4. It was competent for the plaintiff to show why the testatrix did not give her property to her heirs, of whom John J. Cilley was one. *Belknap* v. *Robinson, ante, p.* 194; *Foster* v. *Dickerson,* 64 Vt. 233, 249. It appeared that she was displeased with his conduct while acting for her in a controversy upon her sister's will. In an adjustment of that controversy he did not obtain for her so large a sum as she desired. It was open to the plaintiff to show the extent and the special grounds of her displeasure, subject to such limitations as might be imposed on various grounds of reasonableness. The plaintiff contends that the jury might find that the omission to disprove the answer to the bill in equity was an admission that John did not represent Matilda at the meeting, and that this was a special reason for her displeasure. Upon the evidence to which our attention has been called there does not seem to be a very substantial ground of fact for contending that he sacrificed or neglected his aunt's interests at that meeting, and that his failure to meet the answer by proof in that suit was an admission of its truth; but it cannot be held that the answer of the heirs was incompetent as matter of law.

5. In the charge, the attention of the jury was called to the relations of trust and confidence existing between the testatrix and the plaintiff, and all the circumstances bearing on the question of undue influence, and it was not error to refuse to give further instructions on that subject. Inferences of fact may be drawn against a confidential agent in cases like this; but there is

no presumption of law against the agent, and the three points presented in the requested instructions might have led the jury to regard matters of fact as matters of law.    *Carpenter* v. *Hatch*, 64 N. H. 573, 575–577 ; *Whitman* v. *Morey*, 63 N. H. 448, 452, 453.

*Exceptions overruled : decree affirmed.*

BLODGETT and CHASE, JJ., did not sit: the others concurred.