Hillsborough, }
  Oct. 6. 1903. }

PATTEE, *Adm'r*, v. WHITCOMB, *Ap't*.

The question whether evidence shall be excluded on the ground of remoteness is one determinable by the trial court.

A witness found to be qualified by personal acquaintance may give an opinion as to the susceptibility of a testator to the influence of a beneficiary under his will; but whether the witness is qualified to express such opinion, is a question of fact for the trial court.

When the adverse party is an administrator who does not elect to testify, an appellant from a probate decree allowing a will is not a competent witness as to the mental condition of the testator, nor is he entitled as matter of right to testify concerning facts which occurred in the lifetime of the deceased, in rebuttal of evidence given by heirs of the beneficiary under the will.

No exception lies to an order of proceeding adopted at a trial in the superior court because required by justice and convenience.

PROBATE APPEAL, from a decree allowing a certain instrument as the will of Samuel Whitcomb. The appellant alleged (1) that the testator was not of sound mind, and (2) that he was unduly influenced by his wife and others to execute the instrument offered as his will. The jury returned a verdict sustaining the will. Transferred from the May term, 1902, of the superior court by *Wallace*, C. J.

April 22, 1898, Whitcomb made a will which contained the following provision: "I give, bequeath, and devise all the rest, residue, and remainder of my estate, real, personal, and mixed, wherever found or however situate, to my beloved wife Caltha R. Whitcomb of said Manchester, her heirs and assigns forever." He died September 10, 1900, and she died a few days afterward.

Subject to exception, statements of the testator made before his marriage, and showing his feelings toward Caltha and her relatives, were excluded as being too remote, and because the circumstances were so changed by the marriage as to render the evidence valueless or actually misleading.

A witness for the appellant was not permitted to give an opinion as to the influence of the testator's wife over him, but was allowed to state what was said and done, and to detail all the circumstances upon which he based his opinion, and the appellant excepted.

The appellant was sworn, and was asked by his counsel if the testator was a man who could be easily influenced. The administrator not having elected to testify, the question was excluded, subject to exception. After some of the heirs of Caltha had testified in behalf of the appellee, the testimony of the appellant was again offered for the purpose of showing his relations with the testator, and to prove things said and done during the testator's lifetime; but the administrator not having testified, the evidence was excluded, subject to exception.

Counsel for the administrator made a short opening statement, offered the will for probate, and called the subscribing witnesses thereto. The appellant then opened his case, introduced his evidence, and rested. Counsel for the administrator was then permitted to open his case fully and to introduce evidence bearing on the questions in issue. An exception was thereupon taken to everything in the opening statement and in evidence to be adduced that was not strictly in rebuttal of evidence offered in behalf of the appellant. The procedure at the trial was adopted because justice and convenience required it.

Subject to exception, the administrator was permitted to introduce in evidence certain conversations of a witness with the testator on the day of his death, as bearing on the question of his sanity.

A witness called by the administrator was asked upon cross-examination what her husband, who was neither a party nor a witness, knew in regard to the will. Subject to exception, evidence offered by the appellant to contradict the reply to this inquiry was excluded on the ground that it was immaterial.

Certain persons who, as heirs of Caltha, would take the property bequeathed to her by the will were permitted to testify in behalf of the administrator, subject to exception. They were not parties to the suit, nor were they engaged in any way in its prosecution. The action was prosecuted in favor of the will by the administrator, with funds of the estate.

The husband of the testator's sister was called by the appellant,

and testified as to acts and statements of the testator while visiting at the house of the witness. It appeared upon cross-examination that the witness had presented a bill against the estate for the board of the testator and his wife when they made the visit. This fact was commented upon by counsel for the administrator in his closing argument, as showing the character of the witness, and to these remarks the appellant excepted.

*Brown, Jones & Warren,* for the appellee.

*John O'Neill* and *Henry N. Hurd,* for the appellant.

REMICK, J.    1. The testator's statements as to his last wife and her relatives were excluded for remoteness, as they well might be, and their exclusion presents nothing for our consideration.

2. Upon the issue whether the testator was unduly influenced by his wife to execute the will in question, evidence of the quality of his mind, with respect to its susceptibility or non-susceptibility to the influence of others, was competent. *Patten* v. *Cilley,* 67 N. H. 520, 528. *A fortiori,* evidence of the susceptibility of his mind to the influence of his wife, in particular, was competent. If the witness offered by the appellant to prove the latter fact was qualified, by personal acquaintance with their relations, to give an opinion upon the subject, it was competent for him to do so. *Patten* v. *Cilley, supra; Carpenter* v. *Hatch,* 64 N. H. 573; *Hardy* v. *Merrill,* 56 N. H. 227, 241, 244, 248; *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 134, 137; *McKee* v. *Nelson,* 4 Cow. 355; *Railway Co.* v. *Yarborough,* 56 Ark. 613, 617, and cases cited; *Connecticut etc. Ins. Co.* v. *Lathrop,* 111 U. S. 612, 622; 1 Gr. Ev. (16th ed.), s. 441.    But whether the witness was qualified to express an opinion, was a question of fact for the trial court. *Carpenter* v. *Hatch,* 64 N. H. 573, 576; *Patten* v. *Cilley,* 67 N. H. 520, 528.    We must assume that the trial court decided that the witness was not qualified to express an opinion.    In this view, the exception must be overruled.

3. The adverse party being an administrator who had not elected to testify, the appellant was properly not permitted to testify that the testator " was a man who could be easily influenced." P. S., c. 224, s. 16.

It is urged that the statutory prohibition relates only to " facts which occurred in the lifetime of the deceased," and that the quality of the testator's mind, whether firm and decided, or irresolute and easily persuaded to conform to the wishes of others, was not a fact " which occurred in the lifetime of the deceased," within the meaning of the statute, but only an attribute of character, con-

cerning which the appellant might have testified consistently with the letter and spirit of the law. The argument would have force were it not that an opinion as to the quality of another's mind cannot exist independently of facts. Something must have transpired to afford a basis for opinion. If the appellant had been permitted to testify that the testator was a man who could be easily influenced, it would have been the right of the administrator to have him tell the facts upon which he based his opinion; the testator, if alive, might have denied the facts altogether, or so explained them that they would have appeared entirely consistent with firmness of character; being dead and unable to either deny or explain, every reason for the statute would seem to forbid the appellant testifying as proposed; and "facts which occurred in the lifetime of the deceased" being necessarily involved in the testimony offered, it was prohibited by the letter as well as the spirit of the statute.

4. "The order of proceeding at the trial was adopted because justice and convenience required it," and presents no ground for reversal. *Boardman* v. *Woodman*, 47 N. H. 120, 143, 144; *Hardy* v. *Merrill*, 56 N. H. 227, 234; *Schoff* v. *Laithe*, 58 N. H. 503; *Patten* v. *Cilley*, 67 N. H. 520, 528.

5. The conversations between one of the appellee's witnesses and the testator, on the day of the latter's death, were competent as bearing on the question of his sanity.

6. The administrator, the only party who could object to the heirs of Caltha R. Whitcomb testifying, did not object. They were, therefore, properly permitted to testify, notwithstanding the objection of the appellant. *Marcy* v. *Amazeen*, 61 N. H. 131, 133.

7. The fact that the heirs of Caltha R. Whitcomb testified did not entitle the appellant to testify in rebuttal, as a matter of legal right. By the express terms of the statute, it is only when the "administrator . . . elects so to testify" that the adverse party may testify, as of legal right. P. S., c. 224, s. 16. Whether the appellant should have been permitted to testify in rebuttal as a matter of justice, pursuant to the authority conferred upon the court by section 17, chapter 224, Public Statutes, is a question the record does not present for our consideration.

The remaining exceptions by the appellant are plainly untenable and require no consideration.

*Exceptions overruled.*

All concurred.

After the filing of the foregoing opinion on January 7, 1903, the appellant moved for a rehearing and obtained an amendment

to the reserved case, from which it appeared that the opinion of the witness as to the influence of Caltha over the testator was excluded because it was incompetent as matter of law.

*Brown, Jones & Warren*, for the appellee.

*John O'Neill* and *Henry N. Hurd*, for the appellant.

REMICK, J.    We are satisfied by the amendment filed since the motion for rehearing that the evidence offered by the appellants, that " during the period of his· [the testator's] marriage to Caltha he was much under her influence," was excluded by the superior court upon the ground that the evidence was incompetent as matter of law, and not because the witness who was to swear to it was found to be without the requisite qualifications to testify upon the subject.    In this view, the exclusion of the evidence, according to the law of this jurisdiction, as shown by the authorities cited in the former opinion, was error.    But it is urged that the error was not prejudicial, because if the evidence had not been ruled out as matter of law, it should have been ruled out as matter of discretion.    This is not so clear ; but in any event the question of discretion is not for our determination.    *Patten* v. *Cilley*, 67 N. H. 520, 528; *Carpenter* v. *Hatch*, 64 N. H. 573.    It is further urged that the error was without prejudice, because the witness had in effect stated, by way of facts testified to, what he was not allowed to state by way of opinion.    We cannot say that the witness' opinion would have added nothing to the weight or effect of his testimony.    For what it was worth, the appellants were entitled to it ; and it is not our province to finely analyze the effect of its exclusion upon the verdict.

                                              *New trial granted.*


All concurred.