Coös,
Dec. 4, 1906.

### HESS & a.  v.  SHURTLEFF.

Whether a witness offered as an expert is qualified to testify in that capacity
is a question of fact determinable by the trial court.

In an action to recover the price of goods sold, the plaintiff is not entitled
to a verdict if he fails to establish the contract of sale alleged by him,
although the evidence may be insufficient to support the defendant's con-
tention that he received the merchandise on consignment.

ASSUMPSIT, for goods sold. Trial at the April term, 1906, of
the superior court by *Wallace*, C. J., who ordered a verdict for the
defendant, subject to the plaintiffs' exception.

The plaintiffs are wholesale fur dealers in New York. June 11,
1904, their salesman made a contract with the defendant, a retail
dealer in Whitefield, by the terms of which goods of the value of
$320.50 were to be shipped to him on consignment, the defend-
ant to sell what he could and return the balance before the holi-
days, payment for the goods sold to be made December 1–10;
1904. The salesman had authority only to solicit orders for the
sale of goods and to transmit them to the plaintiffs for accept-
ance or rejection. He informed the defendant that he was a trav-
eling salesman for the plaintiffs, but the defendant had no knowl-
edge of his want of authority to agree to consign goods. The
salesman sent the order to the plaintiffs as an order for uncondi-
tional purchase. September 1, the plaintiffs shipped the goods to
the defendant and sent him a bill of them as though sold outright,
calling for payment December 1–10. In November, the defend-
ant, having sold goods amounting to $134.16, shipped the unsold
balance to the plaintiffs by express and notified them that the
merchandise was returned in accordance with the agreement upon
which it had been consigned to him. The plaintiffs refused to
receive the goods and demanded payment for the whole. The
defendant subsequently paid for the goods sold by him. '

The contract set up by the defendant is not an unusual one in
the wholesale fur trade, nor is it unusual in such a case for a bill
of the goods to be sent as though they were bought absolutely.
Such contract and action is in accord with the ordinary usages of
business in the fur trade. These facts were found upon the testi-
mony of several retail dealers in furs of many years' experience,
who were found to be qualified to testify as to the ordinary usages
of business between wholesale and retail fur dealers. The plain-
tiffs excepted to the evidence, claiming " that the merchants who
testified to having several transactions with fur dealers, in which

they sometimes bought goods and at other times took them upon consignment, and had no further knowledge as to the ordinary usages and customs in the wholesale fur trade, were incompetent witnesses by whom to prove what were the ordinary usages and customs in the wholesale fur business." The plaintiffs further claimed " that the witnesses were not legally qualified to testify as to the usages, etc., but that the facts testified to do not furnish a legal basis from which it can be legally found that it was the ordinary usage and custom to consign goods or authorize their agents to consign them."

*Kellogg & Bowker*, for the plaintiffs.

*Drew, Jordan, Shurtleff & Morris*, for the defendant.

PARSONS, C. J.   Whether the witnesses who were permitted to testify to the usage of business in the fur trade possessed the requisite qualifications to authorize the admission of their testimony was a question of fact for the trial court.   *Pattee* v. *Whitcomb*, 72 N. H. 249, 253; *Stewart* v. *Stearns*, 63 N. H. 99, 107. As neither the evidence upon which they were found qualified nor the facts testified to by them are reported, the only question as to the sufficiency of the evidence to authorize the findings made arises from the fact that the witnesses were all retail dealers.   It is obvious that knowledge of the usage of trade between wholesale and retail dealers would not be confined to wholesale dealers, but must be equally known to the other parties to the contracts to which the usage relates.   It cannot, therefore, be held as matter of law that retail dealers might not have such knowledge of the usage in question as would qualify them to testify, or that their testimony might not be sufficient to authorize the conclusion as to the existence of the usage found by the court.

It does not appear that the plaintiffs' claim as to the ground of their exceptions correctly states the evidence.   But if it be assumed that the evidence did not establish the plaintiffs' knowledge of the usage, and that it was insufficient as matter of law to bind them by a contract or consignment such as the defendant set up, the verdict for him will not be affected.   The plaintiffs alleged a contract of sale, and could recover only by showing that the defendant agreed, expressly or by implication, to buy the goods. Whether the evidence authorized a finding that the plaintiffs were bound by the contract set up by the defendant was immaterial, and no such finding was made.   The failure of the plaintiffs to establish the contract set up by them requires the verdict which was rendered, without regard to the insufficiency of the evidence

to establish the contract set up by the defendant. If there was in fact no contract, no agreement as to sale or consignment, the plaintiffs could not recover.

*Exceptions overruled.*

All concurred.